## Cutting-Kaestner Co. v. Herman Goldberg.

1. JUDGMENTS—*A Final Judgment Must Show the Matters in the Record Finally Disposed Of.*—A judgment which merely awards costs to the defendant without more, is not a final judgment. In order to have that character it must profess to terminate and completely dispose of the action.

**Attachment.**—Appeal from the Circuit Court of Cook County; the Hon. RUSSELL P. GOODWIN, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Affirmed. Opinion filed April 28, 1903.

PARKER & PAIN, attorneys for appellant.

A. G. DICUS, attorney for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellant claims that the judgment appealed from in this case was erroneously entered, because, as it is argued, a final judgment had been entered at a previous term, which the court had no power to vacate at a subsequent term, and then proceed to trial, over appellant's objection, as was done.

October 30, 1900, the case was placed on the short cause calendar of the Circuit Court. It appearing later that there had been some informality in the procedure putting the case on that calendar, on motion of appellant's attorneys, made February 25th thereafter, " to strike the case from the short cause calendar," the following order was entered: " On motion of defendant's attorney it is ordered that this cause be and the same is hereby stricken off. " Therefore it is considered by the court that the defendant do have and recover of and from the plaintiff its costs and charges in this behalf expended, and have execution therefor." At the May term following it was ordered that this judgment, which was for costs merely, " be and the same is hereby set aside and vacated, and this cause re-instated upon the several dockets of this court."

The order of February 25th above quoted was, so far as

it purported to give judgment for costs, clearly erroneous. It was apparently a misprision of the clerk. Appellant's motion was to strike the case from the "short cause" calendar, and this motion the court granted. The entry of the order fails to state that it is the "short cause calendar" from which the case is stricken off, but that was appellant's motion which the order granted. The cause was not dismissed by that order, nor finally disposed of in any other way. It was, therefore, still pending and undisposed of when the order of May 20, 1901, vacating the judgment for costs and reinstating the cause on the docket was entered, and the court had jurisdiction of the subject-matter and the parties.

What is said in Black on Judgments, Vol. 1, Sec. 31, disposes of appellant's contention. It is there said:

"A judgment which merely awards costs to the defendant without more, is not a final judgment. In order to have that character it must profess to terminate and completely dispose of the action. Hence, if for the defendant, the final judgment must state that he is dismissed without day, or that it is considered that the plaintiff take nothing by his suit, or otherwise refer to the disposition made of the subject-matter. 'The form of the judgment,' says the court in Texas, 'is immaterial, but in substance it must show intrinsically and distinctly, and not inferentially, that the matters in the record had been determined in favor of one of the litigants, or that the rights of the parties in litigation had been adjudicated. The costs are regarded by statute, and are an incident or appendage of the judgment, and generally are recoverable by the victor in the contest. But as an incident they can not be substituted for the principal, and a judgment for their recovery is not a decision of the matter at issue; and it is therefore no such final judgment as can by law, come within the revisory power of this court.'" Scott v. Burton, 6 Texas, 322.

The costs of appellee's additional abstract will be taxed against appellant, and the judgment of the Circuit Court will be affirmed.