MARY ALICE BELLUOMINI, Plaintiff-Appellee, v. LANCOME, Division of Cosmair, Inc., *et al.*, Defendants-Appellants.

First District (4th Division)   No. 1—89—1759

Opinion filed September 13, 1990.—Modified on denial of rehearing February 7, 1991.

584

Wildman, Harrold, Allen & Dixon, of Chicago (Ruth E. VanDemark, Peter A. Tomaras, and Katherine L. Nee, of counsel), for appellants.

Michael W. Rathsack, of Chicago (Louis S. Goldstein and Cindy G. Fluxgold, of counsel), for appellee.

JUSTICE JIGANTI delivered the opinion of the court:

This is an interlocutory appeal pursuant to Supreme Court Rule 308 (107 Ill. 2d R. 308) from an order of the circuit court of Cook County granting the plaintiff Mary Alice Belluomini's motion to vacate an earlier order dismissing the cause for want of prosecution. The trial court certified for our review the question of whether the trial court had the authority, pursuant to either section 2—1301 or section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, pars. 2—1301, 13—217), to vacate the order of another judge ruling that the "plaintiff's motion to vacate is stricken, and the previous court order dismissing this cause for want of prosecution stands in effect," where the plaintiff made no attempt to prosecute the case until renoticing the previously stricken motion for hearing four years later.

The plaintiff filed a product liability action in April of 1983 alleging that she was injured as a result of using a skin-care product marketed by the defendants. The cause was dismissed for want of prosecution on March 11, 1985, when the plaintiff failed to appear at a pretrial conference. On April 8, 1985, within 30 days of the dismissal, the plaintiff filed a motion to vacate the dismissal. She noticed the motion for hearing on July 17, 1985, but failed to appear at the hearing. At that time, the trial court entered an order stating that the "plaintiff's motion to vacate is stricken, and the previous court order dismissing this cause for want of prosecution stands in effect." The interpretation of this order is at the heart of this appeal. The defendants contend that the order constituted a denial or dismissal of the plaintiff's motion to vacate; the plaintiff maintains that the order merely had the effect of striking the motion from the court call and leaving it pending.

In April of 1989, the plaintiff renoticed the motion to vacate for hearing on May 10, 1989. Because the original trial judge had been assigned to a different division, the motion was set for hearing before a different judge. At the hearing, the defendants argued that the July 17, 1985, order striking the motion was in fact a denial of the motion which operated as an adjudication on the merits and that the one-year period for refiling after a dismissal for want of prosecution had passed. (Ill. Rev. Stat. 1989, ch. 110, par. 13—217.) The defendants also argued that they were prejudiced by reason of the delay. At the conclusion of the hearing, the trial court granted the plaintiff's motion to vacate and certified the above-stated question concerning the propriety of its action.

■■ ■ On appeal, the defendants contend that the trial court lacked jurisdiction to grant the motion to vacate pursuant to either section 2—1301 or section 13—217 of the Code of Civil Procedure. (Ill. Rev. Stat. 1989, ch. 110, pars. 2—1301(e), 13—217.) Section 2—1301(e) provides that "[t]he court may *** on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable." Section 13—217 allows a one-year refiling period in certain situations, including when a cause is dismissed for want of prosecution. The defendants also contend that the trial court impermissibly overruled a prior decision of another judge, that the order vacating the dismissal for want of prosecution undermines the spirit and purpose of local Rule 2.3 of the Rules of the Circuit Court of Cook County, and that the order circumvents the applicable statute of limitations and the purpose behind section 2—1401 of the Code of Civil Procedure, which provides for post-judgment relief. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1401.) All of these contentions assume that the trial court's order of July 17, 1985, striking the plaintiff's motion to vacate was a denial or dismissal of the motion which constituted an adjudication on the merits of the cause. We will therefore initially address the interpretation of that order.

■■ ■ As stated earlier, the order provided that the "plaintiff's motion to vacate is stricken, and the previous court order dismissing this cause for want of prosecution stands in effect." Generally, the intention of the court is determined only by the order entered, and where the language of the order is clear and unambiguous, it is not subject to construction. (*Governale v. Northwest Community Hospital* (1986), 147 Ill. App. 3d 590, 593, 497 N.E.2d 1318.) The order which we must interpret, however, is plainly ambiguous. Although the defendants maintain that the intended effect of the order was to deny or dismiss the motion to vacate, neither of those terms was used by

the court. The court instead stated that the motion was "stricken," which the plaintiff interprets as meaning stricken from that day's court call. When it is necessary to construe a court order, it should be interpreted in the context of the record of proceedings and the situation which existed at the time of its rendition. (*People v. Cooper* (1989), 132 Ill. 2d 347, 353-58, 547 N.E.2d 449.) In this cause, the plaintiff noticed its motion to vacate for hearing, then failed to appear. The court order used the term "stricken" rather than "denied" or "dismissed." Under the circumstances, we interpret the court's order as meaning that the motion, although stricken from the court call, remained pending. Although the defendants cite *B-G Associates, Inc. v. Giron* (1990), 194 Ill. App. 3d 52, 550 N.E.2d 1080, to support their argument that striking the motion resulted in its denial, the trial court order in *B-G* provided that the motion was "stricken with prejudice." (*B-G*, 194 Ill. App. 3d at 56, 550 N.E.2d at 1082.) The term "with prejudice" clearly denoted a finality lacking in the instant cause.

Given our interpretation of the order, the defendants' contentions fall. Because the motion was not denied, it remained pending and there was no adjudication on the merits of the plaintiff's cause. There was accordingly no order of dismissal which would have necessitated a motion to vacate under section 2—1301 or a refiling of the complaint pursuant to section 13—217. Also, because the initial order did not deny the motion, the subsequent court order granting it did not have the effect of overruling a prior court order of another judge. The defendants made no argument before the trial court concerning Circuit Court Rule 2.3, which states that a court may deny a motion if it is not called for hearing within 90 days, and we will therefore not consider it on appeal. Finally, because the motion to vacate remained pending, the defendants' arguments concerning the statute of limitations and the effect of section 2—1401 are without merit.

■ Because the motion to vacate was filed within 30 days of the judgment dismissing the cause for want of prosecution, the trial court had the discretion to set aside the judgment "upon any terms and conditions that shall be reasonable." Ill. Rev. Stat. 1989, ch. 110, par. 2—1301(e).

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

JOHNSON and LINN, JJ., concur.