PURCELL AND WARDROPE, CHARTERED, Indiv. and on Behalf of All Others Similarly Situated, Plaintiff-Appellant, v. HERTZ CORPORATION, Defendant-Appellee.

First District (1st Division)   No. 1—94—4119

Opinion filed March 29, 1996.

Holstein, Mack & Klein, of Chicago (Aron D. Robinson, Robert A. Holstein, and Joshua Avigad, of counsel), for appellant.

Coffield, Ungaretti & Harris, of Chicago (Michael W. Coffield and Michael D. McCormick, of counsel), for appellee.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

This case was brought by plaintiff Purcell & Wardrope, Chartered (P&W), on behalf of a nationwide class to recover security deposits and accrued interest on security deposits that defendant, the Hertz Corporation (Hertz), required pursuant to the terms of its automobile lease contracts. P&W appeals orders of the circuit court of Cook County striking class allegations from its complaint against defendant Hertz Corporation and entering judgment on its individual claim against Hertz in the amount of $1,026.12.

This appeal is related to proceedings occurring after this court's decision in *Purcell & Wardrope Chartered v. Hertz Corp.*, 175 Ill. App. 3d 1069, 530 N.E.2d 994 (1988). Accordingly, only those facts necessary to the disposition of this appeal will be repeated here. As noted above, P&W sued Hertz, seeking to recover security deposits and accrued interest on security deposits. Hertz filed affirmative defenses and a counterclaim regarding alleged damages to the automobile P&W had leased.

The trial court denied class certification, finding that individual questions of fact and law predominated, and that P&W could not provide adequate representation for a class action because Hertz had raised several affirmative defenses and filed a counterclaim specific to P&W. The case was tried as an individual action under Illinois law. The trial court entered judgment in favor of Hertz on counts I and II of P&W's amended complaint and in favor of Hertz and against P&W on Hertz's counterclaim. The court, however, only awarded "nominal" damages to Hertz in the amount of $6. On count III of the amended complaint, judgment was entered in favor of P&W, and the court awarded P&W damages in the amount of $451.61.

On appeal, this court reversed and remanded, holding that: (1) the trial court erred in denying class certification; (2) Illinois law applied to the claims concerning Hertz's treatment of security deposits; (3) the lessee could not waive statutory requirement that security deposits be held in separate accounts and that accrued interest on deposits be paid to lessee upon termination of lease; and (4) the evidence did not support the nominal damage award to Hertz. See *Purcell & Wardrope Chartered v. Hertz Corp.*, 175 Ill. App. 3d 1069, 530 N.E.2d 994 (1988). This court's opinion was filed on September 26, 1988, but was modified on the denial of a petition for rehearing by an opinion filed on November 21, 1988.

This court's mandate, issued on September 26, 1988, stated:

"The judgment of the Circuit Court of Cook County is REVERSED and the case is remanded with directions in accordance with the views expressed in the opinion of this Court."

Hertz filed a petition for leave to appeal with the Illinois Supreme Court, which denied the petition on April 5, 1989.

Thereafter, apparently in May 1989, P&W moved to reinstate the cause pursuant to Supreme Court Rule 369(c) (134 Ill. 2d R. 369(c)) and to have the class certified. On June 1, 1989, the trial court entered an order reinstating the cause and granting P&W leave to submit a proposed certification order. P&W's proposed order sought to certify a class consisting of

"all persons throughout the United States of America who entered into automobile leases with the defendant who paid a security deposit to the defendant

(1) on whose security deposits no interest was paid or credited by the defendant, or

(2) whose security deposits were withheld by the defendant at the termination of the defendant's leases ***."

On July 13, 1989, following a hearing on the matter, the trial court entered an order stating that the court would prepare a written decision regarding plaintiff's motion. On October 12, 1989, the trial court entered a written opinion directing P&W to "brief the statutes which apply to security deposits for the lease of personal property for *all* the states" (emphasis added).

On November 13, 1989, P&W filed a "Petition for Order of Mandamus to Compel Certification Ordered by Appellate Court." This court denied the petition on December 4, 1989.

The case was dismissed for want of prosecution (DWP) on March 26, 1990, for failure to appear at the calendar call. The DWP was vacated on April 19, 1990. The record on appeal, as supplemented by P&W, appears to suggest that the attorney who had represented the plaintiff class left the firm and took the case with him. That attorney then neglected the case due to a prolonged illness in his family. There was no further activity in this litigation until February 8, 1994, when plaintiff filed a motion for substitution of counsel. The trial court granted this motion on March 1, 1994.

On June 24, 1994, plaintiff filed a motion to enforce the appellate court mandate. Hertz filed a memorandum in opposition to the motion. On September 7, 1994, one day before the date scheduled for hearing plaintiff's motion, Hertz filed a motion to dismiss for want of prosecution or, in the alternative, to strike the class allegations. On September 8, 1994, the trial court stayed P&W's motion to enforce pending the disposition of Hertz's motion to dismiss or strike.

On October 18, 1994, the trial court ordered:

"1. Defendant's Motion to Dismiss is Granted and the class allegations are stricken with prejudice for want of prosecution.

2. As to Plaintiff's individual claim, the parties shall submit a draft judgment order on October 18, 1994 or in the morning of October 19, 1994. That Judgment order shall provide that it disposes of the entire action."

On October 19, 1994, the trial court entered a judgment order awarding plaintiff $445.61, plus interest of 6% a year, for a total of $1,026.12. The order also stated that it dismissed the action in its entirety with prejudice. Plaintiff filed a timely notice of appeal to this court.

I

On appeal, P&W contends that the trial court acted contrary to the mandate issued by this court. A trial court upon remand is obligated to proceed in accordance with the reviewing court's mandate. *In re Marriage of Jones*, 187 Ill. App. 3d 206, 215, 543 N.E.2d 119, 126 (1989). When this court remands a case with specific instructions, they must be followed exactly. *In re Marriage of Head*, 273 Ill. App. 3d 404, 408, 652 N.E.2d 1246, 1249 (1995). However, when the remand instructions are general, the trial court must examine this court's opinion and exercise its discretion to determine what further proceedings are required. *Head*, 273 Ill. App. 3d at 408, 652 N.E.2d at 1249-50.

In this case, this court's mandate stated:

"The judgment of the Circuit Court of Cook County is REVERSED and the case is remanded with directions in accordance with the views expressed in the opinion of this Court."

Thus, the question is whether the trial court's actions on remand were within the scope of its discretion.

P&W relies on the final paragraph of our prior opinion in this case—incorrectly identified by P&W as the mandate—which states as follows:

"For all of the above reasons, we reverse the judgment of the trial court which denied certification of P&W's claim for a class action and remand the case to the trial court with directions to certify a class action on the following issues: (1) whether Hertz must legally pay interest on security deposits required of the lessees pursuant to Hertz' auto leases; (2) whether Hertz may properly commingle security deposits paid by its lessees with its other funds; and (3) whether Hertz can, without authorization, withhold the deposits at the termination of its leases in the absence of a written request for a return of the deposits from the

lessees. Accordingly, the individual judgment for P&W in the amount of $451.61 is hereby vacated and the cause is remanded for further proceedings consistent with this opinion, so that the entire matter may proceed not as an individual action, but as a class action, on the issues set forth above. Additionally, we reverse the judgment of the trial court in favor of Hertz on its counterclaim and enter judgment here against Hertz on its counterclaim since we have found that the evidence presented at trial failed, as a matter of law, to support the counterclaim." *Purcell & Wardrope*, 175 Ill. App. 3d at 1084, 530 N.E.2d at 1004.

P&W maintains that the trial court acted outside of its authority in requiring P&W to brief the relevant statutes for all states and ultimately striking the class allegations.

■ However, the quoted paragraph is far from the entirety of this court's opinion on the issues presented in the first appeal. An examination of the entire opinion clearly shows the amount of discretion the trial court could exercise on remand. For example, at the time of the first appeal, Illinois and New York law was the only state law applicable to the known, named parties. This court addressed the question of whether differing state law in these or other states' laws would defeat the certification of a class action, stating:

"A class action may, nevertheless, still be maintained, despite these conflicting or differing State laws, and the court may simply choose to divide the class into subclasses. [Citations.] Moreover, if at some later time in the litigation the subclassification becomes unmanageable, the court, of course, always has the option to set aside the class certification or a portion of it. [Citations.] Thus, the court can and should appropriately address potential future problems as they arise." *Purcell & Wardrope*, 175 Ill. App. 3d at 1075, 530 N.E.2d at 998.

Accordingly, when P&W moved to have the trial court certify a nationwide class, it was within the discretion of the trial court to order P&W to submit a brief regarding all applicable state laws for the purpose of determining whether subclassification would be appropriate in this case. See also 735 ILCS 5/2—802(b) (West 1992).

Later in the opinion, this court addressed Hertz's contention that P&W could not adequately represent the class, concluding:

"Since the allegations of P&W establish that it will be an adequate representative, these allegations also provide a sufficient basis to certify a class action, *at least preliminarily*. If any individual determinations of defenses become necessary, that situation, as noted earlier, may be addressed at that time. *Should questions arise concerning the continued adequacy of representation by the plaintiff, P&W, for whatever reasons, these matters may also be ad-*

*dressed at a later time.* Accordingly, any adjustments or modifications that become necessary at a future time, may properly be made then, after notice and an opportunity for the parties to be heard on the issue. [Citation.] *Of course, as we have also noted, a court may even, at a later time, modify the class structure or dismiss the class action itself, if necessary, to accommodate any changes* such as those concerning adequate representation." (Emphasis added.) *Purcell & Wardrope*, 175 Ill. App. 3d at 1078-79, 530 N.E.2d at 1000.

Thus, this court's opinion allowed the trial court discretion to dismiss the class action if the circumstances changed, particularly those affecting the adequacy of representation.

In sum, this court's prior opinion granted the trial court a great deal of discretion on remand. The trial court did not act outside the general scope of that discretion. Thus, the trial court did not act contrary to this court's mandate on remand.

## II

The question remains, however, whether it was an abuse of that discretion to strike the class allegations in this case. The trial court ordered that "Defendant's Motion to Dismiss is Granted and the class allegations are stricken *with prejudice for want of prosecution*" (emphasis added). Section 13—217 of the Code of Civil Procedure (735 ILCS 5/13—217 (West 1992)), which governs dismissals for want of prosecution, does not allow a dismissal for want of prosecution to be with prejudice. *Walton v. Throgmorton*, 273 Ill. App. 3d 353, 357, 652 N.E.2d 803, 805 (1995); *Farrar v. Jacobazzi*, 245 Ill. App. 3d 26, 32, 614 N.E.2d 259, 263 (1993). The October 18, 1994, order, however, does not state that the class allegations were being *dismissed* for want of prosecution; rather, the class allegations were *stricken.*

■ Generally, the intention of the court is determined only by the order entered, and where the language of the order is clear and unambiguous, it is not subject to construction. *Governale v. Northwest Community Hospital*, 147 Ill. App. 3d 590, 497 N.E.2d 1318 (1986). In this case, the orders appealed from should be interpreted in the context of the record of proceedings and the situation which existed at the time of their rendition. *People v. Cooper*, 132 Ill. 2d 347, 547 N.E.2d 449 (1989). Moreover, this court may affirm for any reason which appears of record, even if the trial court did not rely on it. *McDunn v. Williams*, 156 Ill. 2d 288, 335, 620 N.E.2d 385, 408 (1993); *Prochnow v. El Paso Golf Club, Inc.*, 253 Ill. App. 3d 387, 393, 625 N.E.2d 769, 773 (1993).

■ In this case, the trial court referred to P&W's "inexcusable delay," a phrase typically associated with dismissal for want of pros-

ecution. However, Hertz raised a number of objections, including the adequacy of P&W's representation during the course of these proceedings. Although P&W's current counsel appears to have been diligent, given the delay in this case, we conclude that inadequacy of representation serves as a basis for affirmance. See *Steinberg v. Chicago Medical School*, 69 Ill. 2d 320, 338-39, 371 N.E.2d 634, 643 (1977) (purpose of the requirement of adequate representation is to insure proper and efficient protection of the interests of the class); *Andrews v. Bechtel Power Corp.*, 780 F.2d 124 (1st Cir. 1985) (class representative must prosecute claims vigorously). *Cf. National Underground Construction Co. v. E.A. Cox Co.*, 273 Ill. App. 3d 830, 652 N.E.2d 1108 (1995) (DWP on failure to reinstate cause after remand).

For all of the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

BUCKLEY and BRADEN, JJ., concur.