# Illinois Official Reports

## Appellate Court

---

**Won v. Grant Park 2, L.L.C., 2013 IL App (1st) 122523**

---

| | |
|---|---|
| Appellate Court Caption | GLORIA WON, Plaintiff-Appellee, v. GRANT PARK 2, L.L.C., an Illinois Limited Liability Company, Defendant-Appellant. |
| District & No. | First District, Sixth Division<br>Docket No. 1-12-2523 |
| Filed<br>Rehearing denied | December 13, 2013<br>January 17, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's appeal from an award of summary judgment to plaintiff in her action to recover her earnest money, upgrade fees, and accrued interest in connection with her contract to purchase a condominium was dismissed for lack of jurisdiction, where the trial court struck defendant's postjudgment motion with prejudice when defendant failed to appear at a status call, defendant did not seek to vacate that order within 30 days, and defendant's notice of appeal was filed more than 30 days after the order was issued. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-L-10521; the Hon. John C. Griffin, Judge, presiding. |
| Judgment | Appeal dismissed. |

Counsel on
Appeal

Brown Udell Pomerantz & Delrahim, Ltd., of Chicago (David A. Epstein, Timothy R. Matheson, and Dennis E. Both, of counsel), for appellant.

Sterling Law Office, of Chicago (Kevin A. Sterling and Laura A. Newcomer, of counsel), for appellee.

Panel

JUSTICE LAMPKIN delivered the judgment of the court, with opinion.
Justice Hall concurred in the judgment and opinion.
Presiding Justice Rochford specially concurred, with opinion.

## OPINION

¶ 1    Defendant, Grant Park 2, L.L.C., appeals the circuit court's order granting summary judgment in favor of plaintiff, Gloria Won, in her breach of contract action and awarding the return of her earnest money and upgrade fees, plus any accrued interest. Defendant contends the circuit court erred in awarding summary judgment in favor of plaintiff where she was in material breach of the parties' contract for the sale of a newly constructed condominium.

¶ 2    We consider whether this court has jurisdiction over defendant's appeal where defendant's postjudgment motion was stricken with prejudice for failing to appear at a clerk's status call, defendant did not move the court to vacate the striking order within 30 days of its issuance, and the notice of appeal was filed more than 30 days after the issuance of the striking order. For the following reasons, we dismiss the appeal for lack of jurisdiction.

¶ 3                        I. BACKGROUND

¶ 4    Plaintiff challenges this court's jurisdiction over defendant's appeal. Previously, plaintiff filed with this court a motion to dismiss the appeal for lack of jurisdiction. We initially denied plaintiff's motion. However, plaintiff again argues in her brief on appeal that this court lacks jurisdiction to consider defendant's appeal because defendant failed to file a motion to vacate the trial court's April 5, 2012 order striking defendant's postjudgment motion and failed to file its notice of appeal by May 5, 2012.

¶ 5    We have a duty to consider our jurisdiction before proceeding to the merits of the case, and this duty includes the obligation to reconsider the basis of our jurisdiction if our earlier ruling finding jurisdiction appears to be erroneous. *Dus v. Provena St. Mary's Hospital*, 2012

IL App (3d) 091064, ¶ 9. Accordingly, we must determine whether defendant's notice of appeal was timely filed.

¶ 6    Plaintiff's amended two-count complaint alleged defendant breached the parties' real estate contract and breached its fiduciary duty by willfully intending to deprive plaintiff of her earnest money. Defendant filed an amended answer, affirmative defenses, and counterclaims.

¶ 7    In August 2011, plaintiff filed a motion for summary judgment pursuant to section 2-1005 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1005 (West 2010)). Plaintiff argued that, because the condition precedent of closing by the outside date specified in the parties' contract was not completed, she had a unilateral right to terminate the contract, which she did. She also argued that defendant fabricated its defense regarding an oral agreement under which the parties agreed to extend the outside closing date. Plaintiff supported her argument with portions of deposition testimony by each party's attorney. Plaintiff additionally argued that she had the unilateral right to terminate the parties' contract because defendant refused to remove the title exceptions not permitted by the contract or the attorney amendment to the contract.

¶ 8    The trial court denied plaintiff's motion for summary judgment, finding that issues of fact existed precluding summary judgment regarding whether the planned development documents for the property permitted the title exceptions at issue. The planned development documents were absent from the record.

¶ 9    In January 2012, the trial court denied plaintiff's motion to bar the admission of the planned development documents, which defendant had supplemented into the record. However, the trial court agreed to reconsider plaintiff's motion for summary judgment. Defendant filed an emergency cross-motion for summary judgment.

¶ 10    On January 19, 2012, the trial court conducted a hearing on the parties' cross-motions for summary judgment. The trial court granted plaintiff's motion, denied defendant's motion, and entered summary judgment in favor of plaintiff. In so ruling, the trial court found defendant failed to satisfy the conditions precedent to plaintiff's obligation to close the real estate transaction as contemplated by the parties' contract and the attorney amendment. The trial court entered judgment in favor of plaintiff in the amount of $63,550 (the earnest money) plus accrued interest and $975 (the upgrade fee) plus court costs.

¶ 11    On February 16, 2012, defendant filed a postjudgment motion to reconsider and reverse summary judgment. On February 29, 2012, the trial court entered a briefing schedule, ordering defendant to provide the court "at the Clerk's Status Call" on April 5, 2012, with complete copies of all relevant documents, including the motion, response and reply. The briefing schedule order provided that defendant's reply brief in support of its postjudgment motion was due April 4, 2012. The briefing schedule order prohibited the filing of supplemental briefs or citations without leave of court, indicated that no continuance of any of the brief due dates or the status call date would be granted without leave of court, and stated that the "[l]ack of compliance with any of the above may result in either striking or ruling on the motion without hearing, as applicable."

¶ 12    On April 5, 2012, defendant failed to appear at the clerk's status call, and the trial court entered an order striking defendant's motion to reconsider and reverse summary judgment "with prejudice."

¶ 13    On April 6, 2012, defendant, without leave of court, filed, two days late, its reply brief in support of its motion to reconsider.

¶ 14    On May 4, 2012, defendant filed a motion to set a hearing on its motion to reconsider pursuant to Illinois Supreme Court Rule 184 (eff. July 1, 1982), which allows either party to call up a motion for disposition either before or after expiration of the time period for filing the motion. Defendant stated that its motion to reconsider was timely filed and fully briefed and defense counsel "inadvertently failed to be present for the clerk's status to set a hearing date." Defendant stated that "the clerk telephoned counsel for Defendant and advised counsel to file a motion to set a hearing date."

¶ 15    On May 16, 2012, the trial court set a briefing schedule on defendant's motion to set a hearing. On May 25, 2012, plaintiff filed a response in opposition to defendant's motion to set a hearing date, arguing that the trial court lacked jurisdiction to consider defendant's postjudgment motion because the court's April 5 order striking the motion was never vacated; therefore, the trial court lost jurisdiction 30 days after entry of the April 5 order.

¶ 16    On June 8, 2012, defendant filed a reply in support of its May 4 motion to set a hearing on its February 16 motion to reconsider. Defendant argued that its May 4 motion was timely filed within 30 days of the trial court's April 5 striking order and restored the pendency of defendant's February 16 motion to reconsider. Defendant also argued that it was entirely "semantical" and "immaterial" that its May 4 motion was styled as a motion to set a hearing rather than a motion to vacate the April 5 striking order. Defendant asserted the May 4 motion was styled as a motion to set a hearing "on the express instruction of the judge's clerk." Defendant stated that defense counsel did not even know of the existence of the April 5 striking order until May 18, 2012. According to defendant, earlier conversations between counsel and the judge's clerk did not disclose the existence of the April 5 order, and plaintiff's counsel, whom defendant alleged drafted the order, did not send it to defense counsel.

¶ 17    Over plaintiff's jurisdictional objection, on June 19, 2012, the trial court granted defendant's motion to set a hearing on its February 16 postjudgment motion. On July 26, 2012, the trial court held a hearing on defendant's motion, noted plaintiff's continuing jurisdictional objection, and ultimately denied defendant's postjudgment motion to reconsider.

¶ 18    On August 24, 2012, defendant filed a notice of appeal of the January 19, 2012 order granting summary judgment in favor of plaintiff and against defendant, and the July 26, 2012 order denying reconsideration of the January 19, 2012 order.

¶ 19                                                     II. ANALYSIS

¶ 20    The timely filing of a notice of appeal is mandatory and jurisdictional. *Dus*, 2012 IL App (3d) 091064, ¶ 10. Pursuant to Illinois Supreme Court Rule 303(a)(1) (eff. June 4, 2008), a

notice of appeal must be filed within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against judgment is filed, within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order. Therefore, the trial court loses jurisdiction after 30 days from the time the final judgment is entered when either (1) a posttrial motion directed against the judgment is not filed, (2) 30 days pass from the time the trial court disposes of a timely filed posttrial motion, or (3) a notice of appeal is timely filed. *Bell v. Hill*, 271 Ill. App. 3d 224, 228 (1995). Strict compliance with the supreme court rules governing the time limits for filing a notice of appeal is required, and neither a trial court nor an appellate court has the authority to excuse compliance with the filing requirements mandated by the supreme court rules. *Id*. When an appeal is untimely, this court has no discretion to take action other than to dismiss the appeal. *Id*.

¶ 21 In this case, the relevant time line is as follows: (1) on February 16, 2012, defendant filed a motion to reconsider and reverse the trial court's January 19, 2012 summary judgment order in favor of plaintiff; (2) on April 5, 2012, defendant failed to appear at the clerk's status call, and the court entered an order striking defendant's postjudgment motion with prejudice; (3) on April 6, 2012, defendant, without leave of court, filed a reply brief in support of its motion to reconsider and reverse summary judgment two days after the date required by the briefing schedule; (4) on May 4, 2012, defendant filed its motion to set a hearing on the postjudgment motion; and (5) on August 24, 2012, defendant filed its notice of appeal within 30 days of the denial of its postjudgment motion.

¶ 22 Relying on *Yazzin v. Meadox Surgimed, Inc.*, 224 Ill. App. 3d 288 (1991), and its progeny, plaintiff argues that defendant's May 4 motion to set a hearing on its postjudgment motion had no effect because there was no postjudgment motion pending. Instead, according to plaintiff, defendant had to file by May 5 a motion to vacate the trial court's April 5 strike order in order to avoid the trial court losing jurisdiction because the postjudgment motion was stricken more than 30 days after the trial court had entered a final judgment. In other words, where the postjudgment motion could not have been refiled because it was stricken more than 30 days after the trial court's January 19, 2012 final judgment and where the striking order was not vacated, the April 5 strike order started defendant's 30-day clock for filing an appeal. Moreover, plaintiff maintains that the trial court's order setting the postjudgment motion for hearing and its ruling following the hearing did not revest the court with jurisdiction because plaintiff continuously objected to jurisdiction as opposed to actively participating without objection. See *Gentile v. Hansen*, 131 Ill. App. 3d 250, 254 (1984) ("for [the] doctrine of revestment to apply, 'the parties must actively participate without objection in proceedings which are inconsistent with the merits of the prior judgment' " (quoting *People v. Kaeding*, 98 Ill. 2d 237, 241 (1983))).

¶ 23 Defendant responds that the trial court's April 5 order striking defendant's postjudgment motion was a scheduling order and not a final dispositive ruling. Defendant argues that, because the strike order was merely a scheduling order, it was not necessary to move to vacate the order and, in any event, vacating the order would not have placed the postjudgment motion back on the trial court's call nor set it for a hearing on the merits.

Defendant maintains that *Yazzin* is distinguishable because the strike order in that case resulted from the movant's failure to appear for a hearing on the merits of the motion at issue whereas, in this case, the strike order resulted from defendant's failure to appear at "a less significant pre-hearing scheduling meeting with a clerk." Defendant argues that when it moved to set the postjudgment motion for a hearing and the trial court ordered the hearing, defendant's postjudgment motion was reinvigorated and restored to the court's active schedule, and it tolled the time for filing an appeal. According to defendant, its May 4 motion to set the postjudgment motion for a hearing was essentially the same as if it had filed a motion to vacate the striking order where the relief requested was identical.

¶ 24 A trial court retains jurisdiction to consider judgments and orders within 30 days of entry of said judgments and orders. *Workman v. St. Therese Medical Center*, 266 Ill. App. 3d 286, 291-92 (1994). Accordingly, a trial court has the authority to vacate an order striking a motion to reconsider and to reinstate the motion within that 30-day period. *Id*.

¶ 25 In this case, defendant failed to comply with the terms of the trial court's briefing schedule order by failing to appear at the clerk's status call as scheduled and provide the court with all the relevant pleadings and documents, and by failing to file a reply in support of its motion to reconsider. As a result, on April 5, 2012, the court entered an order striking, with prejudice, defendant's motion to reconsider and reverse the summary judgment finding. Within 30 days of the striking order, defendant filed two documents. First, on April 6, defendant filed, without leave of court, a late reply in support of its motion to reconsider. Second, on May 4, defendant filed a motion, pursuant to Supreme Court Rule 184, to call up the February 16 motion to reconsider for disposition. Neither the April 6 reply nor the May 4 motion referenced either the April 5 strike order or defendant's failure to comply with the filing requirements of the briefing order.

¶ 26 Our review of the substance of the May 4 motion does not support defendant's assertion that the May 4 motion essentially was the same as a motion to vacate the striking order and requested the same kind of relief. The record establishes that defense counsel was oblivious to the fact that defendant's February 16 motion to reconsider was no longer pending. By defense counsel's own admission, he was not aware of the April 5 strike order until May 18. Under these facts, we cannot conclude that defendant moved the trial court to reconsider and vacate the April 5 strike order within the 30-day period during which the court retained jurisdiction to reconsider that order.

¶ 27 While we agree with defendant that its failure to title its May 4 motion as a motion to vacate is not dispositive of the jurisdiction issue, this court does not elevate form over substance by limiting defendant to the relief defendant requested in its May 4 motion. Specifically, defendant's May 4 motion merely asked to set its February 16 motion to reconsider the summary judgment for a hearing pursuant to Rule 184. Rule 184 provides:

> "No provision in these rules or in the Civil Practice Law prescribing a period for filing a motion requires that the motion be heard within that period. Either party may call up the motion for disposition before or after the expiration of the filing period." Ill. S. Ct. R. 184 (eff. July 1, 1982).

Defendant's May 4 motion, however, had no effect because in order to call up the February 16 motion to reconsider, it had to be pending, and it clearly was not pending as a result of the April 5 strike order. Contrary to defendant's argument on appeal, this case does not present a situation where a party's motion to reconsider was merely taken off the trial court's call. See *Clark v. Han*, 272 Ill. App. 3d 981, 985 (1995) (the plaintiffs' postjudgment motion remained pending after the plaintiffs requested leave to file a memorandum of law in support of their motion and the trial court merely took the postjudgment motion off the court's call). Here, the express terms of the trial court's April 5 strike order clearly disposed of defendant's motion to reconsider. Moreover, defendant cites no relevant authority to support the proposition that a strike order issued after a clerk's status call somehow does not have the same effect as a strike order issued after a scheduled hearing on a motion.

¶ 28    The instant case closely resembles *Yazzin*, where the plaintiff did not move to vacate the trial court's order striking the timely filed postjudgment motion after the plaintiff failed to appear on the scheduled hearing date. *Yazzin*, 224 Ill. App. 3d at 289. Within 30 days of the strike order but outside of the 30-day period for filing a postjudgment motion, the plaintiff filed a renotice of motion and scheduled another hearing. *Id*. A hearing was held and the postjudgment motion was denied. *Id*. The appellate court concluded the trial court lost jurisdiction to consider the postjudgment motion because it was stricken more than 30 days after the final judgment and the striking order was not vacated; therefore, the postjudgment motion was no longer pending and could not be refiled. *Id*. at 291. Because the plaintiff did not timely file a motion to vacate the striking order, when the plaintiff refiled a notice of motion, it had no effect due to the fact that no motion was pending. *Id*.

¶ 29    Similarly, in the instant case, defendant filed its May 4 motion to set a hearing on its struck postjudgment motion within 30 days of the strike order but outside the 30-day period for filing a postjudgment motion. In that May 4 motion, defendant never requested that the striking order be vacated and the postjudgment motion be reinstated on the trial court's docket. Because defendant did not timely move to vacate the striking order, defendant's May 4 motion had no effect due to the fact that no motion was pending.

¶ 30    In support of its claim that this court has jurisdiction to consider this appeal, defendant cites *Workman*, but that case is distinguishable. In *Workman*, the trial court's order striking the plaintiff's motion to reconsider was vacated pursuant to the plaintiff's motion to vacate the striking order and reinstate the motion to reconsider, which was timely filed within 30 days of the striking order. *Workman*, 266 Ill. App. 3d at 291-92. Here, in contrast, defendant, as discussed in detail above, failed to timely move to vacate the April 5 strike order.

¶ 31    In accordance with Rule 303(a)(1), the April 5 strike order disposed of defendant's postjudgment motion by striking it with prejudice. The trial court's February 29 briefing order had warned the parties that their lack of compliance with that order could result in either striking the postjudgment motion or ruling on it without a hearing. That warning informed the parties of two possible ways of disposing of the postjudgment motion: the court could either treat the motion as abandoned and strike it, or the court could rule on the motion without further input from the parties. Either course of action would dispose of the postjudgment motion.

¶ 32    If the trial court had meant to simply remove the postjudgment motion from its active motion call, the court could easily have said that. To the contrary, the April 5 strike order stated that it was "with prejudice." Compare *B-G Associates, Inc. v. Giron*, 194 Ill. App. 3d 52, 58-59 (1990) (in analyzing whether the trial court had jurisdiction to consider the defendants' successive postjudgment motion, the appellate court deemed the trial court's order, which struck the first postjudgment motion "with prejudice," to have disposed of the first postjudgment motion), with *Clark*, 272 Ill. App. 3d at 985 (where the trial court stated that the postjudgment motion "has been withdrawn," the appellate court concluded that the motion "was merely taken off the [court's] call"), and *Cutting-Kaestner Co. v. Goldberg*, 107 Ill. App. 592, 592 (1903) (the court's order stated that it struck "the case from the short cause calendar" (internal quotation marks omitted)).

¶ 33    The intention of the court is determined by the order entered, and where the language of the order is clear and unambiguous, it is not subject to construction. *Belluomini v. Lancome*, 207 Ill. App. 3d 583, 585-86 (1990) (where there was no adjudication on the merits of the plaintiff's cause–*i.e.*, her case was dismissed for want of prosecution–and her motion to vacate the dismissal was stricken when she failed to appear at the motion hearing, the court found the strike order ambiguous under the circumstances because it lacked the term "with prejudice" to clearly denote a finality). Nothing in the unambiguous language of the April 5 order, which struck defendant's postjudgment motion "with prejudice," indicates that it did not intend to dispose of defendant's postjudgment motion.

¶ 34    In the instant case, defendant essentially attempts to refile its stricken postjudgment motion more than 30 days after it was stricken. If courts allowed litigants the option of resurrecting stricken postjudgment motions attacking a final order or judgment more than 30 days after the postjudgment motion was stricken, then courts essentially would be allowing litigants to file successive postjudgment motions. Circuit courts, however, have no authority to hear successive postjudgment motions. *B-G Associates, Inc.*, 194 Ill. App. 3d at 57. The rationale for precluding a circuit court's consideration of successive postjudgment motions is also pertinent in situations involving the court's consideration of untimely refiled stricken postjudgment motions. Permitting a losing litigant to return to the trial court indefinitely would tend to prolong the life of a lawsuit, would interfere with the efficient administration of justice, and would lend itself to harassment. See *Sears v. Sears*, 85 Ill. 2d 253, 259 (1981). "There must be finality, a time when the case in the trial court is really over and the loser must appeal or give up." *Id*. The adjudication of untimely refiled stricken postjudgment motions would interfere with that policy, and justice is not served by permitting the losing party to string out his attack on a final judgment over a period of months.

¶ 35                                    III. CONCLUSION

¶ 36    Based on the aforementioned, we conclude that the trial court did not retain jurisdiction to consider defendant's struck postjudgment motion after May 5, 2012. Accordingly, defendant's August 24, 2012 appeal was not timely because it was filed more than 30 days after the entry of the April 5 strike order, which disposed of the last pending postjudgment

- 8 -

motion directed against the judgment. Consequently, we dismiss defendant's appeal due to lack of jurisdiction.

¶ 37        Appeal dismissed.

¶ 38        PRESIDING JUSTICE ROCHFORD, specially concurring.

¶ 39        I write separately because I believe there are reasons not to follow *Yazzin v. Meadox Surgimed, Inc.*, 224 Ill. App. 3d 288 (1991), so strictly and believe the April 5 order was ambiguous and should be construed in light of the record. I also have concerns about the use of an order which strikes a motion, particularly a postjudgment motion which must be timely filed. In so writing, I do not suggest the circuit court acted unreasonably. I understand that orders striking a motion often are entered as a result of a litigant's lack of diligence, which disrupts the orderly administration of court calls, as was the situation faced by the court below. I also recognize that the circuit court here gave defendant a fair and clear warning that such an order would be entered if it did not comply with the briefing schedule order.

¶ 40        A review of case law in addition to *Yazzin* demonstrates that reviewing courts in the past have struggled to give meaning to an order which "strikes" a motion and have given such orders various interpretations and treatments. See *Belluomini v. Lancome*, 207 Ill. App. 3d 583, 586 (1990) (order striking motion to vacate dismissal did not constitute a ruling on the merits and struck motion remained pending); *B-G Associates, Inc. v. Giron*, 194 Ill. App. 3d 52, 59 (1990) (order striking postjudgment motion with prejudice made prior judgment final); *Richey Mfg. Co. v. Mercantile National Bank of Chicago*, 40 Ill. App. 3d 923, 926 (1976) (motion to vacate judgment was stricken and appellate court found the plaintiffs had "abandoned their motion by failing to present it for a determination on the merits"); *Workman v. St. Therese Medical Center*, 266 Ill. App. 3d 286, 291 (1994) (stricken motion was "reinstated as a pending motion" when a motion to vacate the strike order was granted); *Mortgage Electronic Systems v. Gipson*, 379 Ill. App. 3d 622, 628 (2008) (motion which was stricken was considered "abandoned" where there was no subsequent ruling on the motion); *OneWest Bank, FSB v. Topor*, 2013 IL App (1st) 120010, ¶ 17 (where the court, after citing a line of cases including *Belluomini*, held that "because the circuit court did not rule on the merits of the section 2-1401 petition but instead struck it and ordered the filing of a second petition, there was no final, appealable order on the section 2-1401 petition"); *People v. Wade*, 326 Ill. App. 3d 940, 942-43 (2001) (where the defendant's motion to withdraw plea and reduce sentence was subject to an order stating, "[f]or the time being, motion stricken, *not timely filed*" was found to be final based on the order's "substantive effect" (emphasis added and internal quotation marks omitted)). See generally *Cutting-Kaestner Co. v. Goldberg*, 107 Ill. App. 592, 593 (1903) (an order providing that the motion was "stricken off" did not mean the cause was dismissed or "finally disposed of in any other way").

¶ 41        Our jurisdiction depends on the meaning to be given the April 5 order. If the April 5 order "dispos[ed]" of defendant's postjudgment motion so that under Supreme Court Rule 303(a)(1) (Ill. S. Ct. R. 303(a)(1) (eff. June 4, 2008)) defendant was required to appeal within

30 days of that order, or if the intent of the April 5 order was to declare that the postjudgment motion was no longer pending as if never filed and the time for appealing the summary judgment order had passed, we are without jurisdiction to consider the appeal. However if, as defendant argues, the April 5 order was administrative and did not resolve the motion, but merely took the motion off the court's call until a hearing on the motion was set, jurisdiction in this court would exist.

¶ 42    Because I believe that the April 5 order is ambiguous (as orders striking motions generally are), it is subject to the applicable rules of construction. *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 512 (2001) (citing *Purcell & Wardrope, Chartered v. Hertz Corp.*, 279 Ill. App. 3d 16, 21 (1996)). Those rules require that any ambiguity in the April 5 order must be interpreted in the context of the record of proceedings. *Id.* Furthermore, the language of the order must be considered alongside the language of the law upon which it is based. *People v. Cooper*, 132 Ill. 2d 347, 354 (1989).

¶ 43    The April 5 strike order would have "disposed of" the postjudgment motion if it had decided the merits of the postjudgment motion. See *Holloway v. Kroger Co.*, 253 Ill. App. 3d 944, 948 (1993). In determining whether the April 5 order disposed of the postjudgment motion on the merits, I find *Belluomini* helpful. In that case, the appellate court considered and interpreted an order which provided that the plaintiff's motion to vacate a dismissal for want of prosecution was "stricken" and that the dismissal "stands in effect." *Belluomini*, 207 Ill. App. 3d at 584. The *Belluomini* court looked at the strike order "in the context of the record of proceedings and the situation which existed at the time of its rendition." *Id.* at 586. The *Belluomini* court noted the order "used the term 'stricken' rather than 'denied' or 'dismissed.' " *Id.* The court, despite the language which said the dismissal order "stands in effect," held that the strike order did not result in the denial of the motion to vacate, and that the motion to vacate "remained pending and there was no adjudication on the merits." *Id.*

¶ 44    In the same way, the strike order here did not include any language which would indicate that the postjudgment motion was "denied" or "dismissed." Further, the April 5 order, even with the "with prejudice" language, neither decided nor resolved the merits of defendant's postjudgment motion. The strike order was entered pursuant to the warning in the preprinted briefing schedule order that a failure to comply with its terms could result in *either* the striking of the motion *or* a "ruling on the motion without hearing." Thus, the briefing schedule order recognized a distinction between striking a motion and ruling on the merits of a motion to address noncompliance. The consequence here was the striking of the postjudgment motion and not a ruling on the merits. My reading of the April 5 strike order as not disposing of the postjudgment order on its merits is consistent with the general purpose of a postjudgment motion. A consideration of the merits of postjudgment motions has " 'the salutary effect of promoting both the accuracy of decision making and the elimination of unnecessary appeals.' " *Chand v. Schlimme*, 138 Ill. 2d 469, 479 (1990) (quoting *Brown v. Decatur Memorial Hospital*, 83 Ill. 2d 344, 350 (1980)).

¶ 45    The majority cites *Yazzin* and concludes that as a result of the April 5 order, the postjudgment motion was no longer pending, and it rejects defendant's contention that the postjudgment motion was merely taken off the circuit court's call. In *Yazzin*, the plaintiff

- 10 -

failed to appear on the date noticed for her posttrial motion and, as a result, the motion was struck. *Yazzin*, 224 Ill. App. 3d at 289. The *Yazzin* court relied on *dicta* in *American National Bank & Trust Co. v. Bus*, 212 Ill. App. 3d 133 (1991), and concluded that the order striking the posttrial motion meant the motion was "no longer pending," and "could not be refiled" as it would be tardy. *Yazzin*, 224 Ill. App. 3d at 291. I believe that *Yazzin*'s reliance on the *dicta* in *Bus* was misplaced insofar as the central issue there was an interpretation of a local rule, which was not at issue in *Yazzin* and not at issue here. *Bus*, 212 Ill. App. 3d at 135. Further, the *Yazzin* court found that in *Bus*, the court had assumed that an order striking the motion at issue meant the motion was no longer pending. *Yazzin*, 224 Ill. App. 3d at 291. It is not entirely clear to me, from a complete reading of *Bus*, that the *Bus* court did make such an assumption.

¶ 46        Because every order should be considered individually and in its own context, I do not believe that *Yazzin* requires that every order striking a posttrial motion should be considered tantamount to a denial of that motion or interpreted to mean the struck motion was no longer pending, as if it had never been filed.

¶ 47        There is an argument to be made here that the circuit court did not intend that the postjudgment motion was to be considered no longer pending, as if it had never been filed, when it entered the April 5 order. The strike order was entered on the date of the clerk status call where the clerk was to determine whether the postjudgment motion was fully briefed and ready for a hearing before the circuit court. It is my experience and understanding that a judge often is not present at a clerk status call and the orders are prepared and left for later entry by the court. These circumstances tend to support defendant's description of the strike order as administrative. Other circumstances support a reading of the April 5 order as one taking the motion off the call only. After the clerk status call and defendant's failure to appear, the clerk instructed defendant to file a motion to set the postjudgment motion for hearing despite the entry of the order striking the motion. The circuit court, over plaintiff's objection after briefing and a hearing, granted the motion and set a date for hearing on the previously filed original motion for reconsideration. The fact that the circuit court granted defendant's motion to set a hearing on the original motion (a motion invited by the clerk) indicates that, despite the strike order, the circuit court may have considered the motion as still pending–albeit without a hearing or further date–until the motion to set a hearing date was granted.

¶ 48        Further, the interpretation given the April 5 order by the majority has a drastic and prejudicial impact and serves as a sanction against defendant for its noncompliance. Yet the entry of the April 5 order was not accompanied or supported by any findings required for upholding such a sanction, other than a notation that defendant failed to appear at the status call. See generally *Cronin v. Kottke Associates, LLC*, 2012 IL App (1st) 111632.

¶ 49        The strike order, however, does state that the motion is stricken "with prejudice." There is no explanation in the record for the inclusion of this language. The record does not contain transcripts from the hearing on the motion to set a hearing date on the postjudgment motion and the hearing on the motion to reconsider itself. Without such transcripts, this court does not know what arguments were presented as to the circuit court's jurisdiction and the true

meaning of the April 5 order. We are without knowledge of any responses or findings made by the court. I do note that the *Belluomini* court found *B-G Associates* factually distinguishable because the strike order in that case was "with prejudice." *Belluomini*, 207 Ill. App. 3d at 586 (citing *B-G Associates*, 194 Ill. App. 3d at 56). In *B-G Associates*, the defendants' motion to vacate a default judgment was struck with prejudice and the defendants filed a successive motion to vacate. *B-G Associates*, 194 Ill. App. 3d at 55. The appellate court in *B-G Associates* found that the default judgment became final when the order striking the motion to vacate was entered. *Id*. at 59.

¶ 50    Because the record does not contain the transcripts of proceedings, the true intent of the "with prejudice" language cannot be determined. Without the transcripts, and in light of the "with prejudice" language, I concur with the majority's conclusion.