NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190648-U

NO. 4-19-0648

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 14, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| ANDREW PRESCOTT, | ) | Appeal from |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Livingston County |
| FLANAGAN STATE BANK, a Corporation, | ) | No. 17L19 |
|     Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Robert M. Travers, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Presiding Justice Steigmann and Justice Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court vacated the circuit court's judgment and ordered plaintiff's
motion for a new trial and his motion for sanctions dismissed where the trial court
lacked jurisdiction to consider the motions.

¶ 2    On May 16, 2019, the circuit court granted defendant's, Flanagan State Bank,

motion for summary judgment on count II of plaintiff's, Andrew Prescott, third amended

complaint. On June 5, 2019, plaintiff filed a motion to reconsider. On June 27, 2019, plaintiff

withdrew his motion to reconsider, filed a motion for a new trial, and filed a motion for

sanctions. On August 29, 2019, the circuit court held a hearing on plaintiff's postjudgment

motions. In a September 12, 2019, order, the court allowed plaintiff to withdraw his motion to

reconsider, denied plaintiff's motion for a new trial, and denied plaintiff's motion for sanctions.

On September 17, 2019, plaintiff filed a notice of appeal of the May 16, 2019, order granting

summary judgment in favor of defendant and of the September 12, 2019, order denying plaintiff's motion for a new trial and motion for sanctions.

¶ 3          Plaintiff appeals the judgment of the circuit court granting summary judgment in favor of defendant and denying his motion for a new trial and his motion for sanctions. We vacate the September 12, 2019, judgment and remand with directions to dismiss plaintiff's motion for a new trial and his motion for sanctions for lack of jurisdiction.

¶ 4                                I. BACKGROUND

¶ 5                          A. Property and Loan Application

¶ 6          In January 2016, plaintiff—a veteran of the United States military—purchased property in Florida. The property required significant renovations to pass inspection and become habitable. Prior to purchasing the property, plaintiff contacted Lynwood Smith, a mortgage broker with Mortgage Banking Associates (MBA), about obtaining a Veterans Affairs (VA) cash-out refinancing loan on the property. Plaintiff relied on Smith's representations regarding the availability of a VA loan and purchased the property. Plaintiff secured personal loans and credit card debt to purchase the property.

¶ 7          In April 2016, plaintiff—in conjunction with MBA—applied for a residential mortgage with defendant, a VA-approved lender. On his application, plaintiff indicated the property had a first mortgage. After plaintiff submitted his application, defendant requested further information, including verification of plaintiff's income and verification of the title to the property. Defendant suspended the underwriting process for plaintiff's application when plaintiff failed to submit the requested information. In May 2016, plaintiff withdrew his application. Ultimately, plaintiff failed to obtain a mortgage from another lender because his credit score fell below the minimum score necessary to secure a mortgage.

¶ 8                                    B. Prior Appeal

¶ 9          In January 2018, plaintiff filed, *pro se*, his third amended complaint against defendant, alleging defendant (1) violated the Illinois Consumer Fraud and Deceptive Business Practices Act (Fraud Act) (815 ILCS 505/2 (West 2016)) (count I), (2) violated the Uniform Deceptive Trade Practices Act (815 ILCS 510/2(a)(2), (3), (5), (12) (West 2016)) (count II), (3) caused personal injury to plaintiff by ruining his credit (count III), and (4) intentionally inflicted emotional distress (IIED) on plaintiff (count IV).  In his complaint, plaintiff alleged the property did not qualify for a VA cash-out refinancing loan where the property lacked any existing liens or mortgages, as required by VA home loan guaranty guidelines.  Thus, plaintiff asserted defendant failed to notify MBA or plaintiff of the illegitimacy of the loan based on the guidelines.  Plaintiff also asserted he wrote letters to defendant requesting immediate assistance to help alleviate debt and never received responses, resulting in emotional distress.

¶ 10          On February 21, 2018, plaintiff filed an amended motion for summary judgment. On March 7, 2018, defendant filed a cross-motion for summary judgment along with the affidavit of Wayne Pierce.  In defendant's cross-motion for summary judgment, defendant referred to the counts in plaintiff's third amended complaint as (1) fraud (count I), (2) an alleged violation of the Fraud Act (815 ILCS 505/2 (West 2016)) (count II), (3) personal injury for ruined credit (count III), and (4) IIED (count IV).

¶ 11          On March 26, 2018, the circuit court denied plaintiff's motion for summary judgment.  The court granted defendant's motion for summary judgment on counts I, III, and IV of plaintiff's third amended complaint.  The court declined to grant summary judgment on count II stating, "In relation to Count 2, which is the Illinois Consumer Fraud Act, I deny the defendant's motion for summary judgment.  The count will stand."  Plaintiff appealed the circuit

court's decision. In December 2018, this court affirmed the circuit court's judgment. *Prescott v. Flanagan State Bank*, 2018 IL App (4th) 180246-U. However, this court declined "to address count II—an alleged violation of the Uniform Deceptive Trade Practices Act—because the circuit court allowed count II of the third amended complaint to stand." Subsequently, in March 2019, the Illinois Supreme Court denied plaintiff's petition for leave to appeal.

¶ 12                                      C. Current Appeal

¶ 13          Subsequent to conducting discovery on count II, defendant filed a motion for summary judgment on count II of plaintiff's third amended complaint. Consequently, plaintiff filed a response to defendant's motion for summary judgment. On May 7, 2019, the circuit court held a hearing on defendant's motion for summary judgment. After hearing arguments from both parties, the court stated,

> "There are no new facts before the court. The same facts are before the court today that were before the court when it ruled on the cross motions for summary judgment. I've been presented with nothing new, at least of critical nature. And in this instance, I have been presented with the Appellate Court decision and the findings that they made in relation to this particular case, in particularly, those instances that would deal with the law of the case.
>
> In relation to the law of the case, the Appellate Court determined that the defendant had concealed no material fact and made no false statement of material fact. That is a critical determination in this particular matter, especially for a body of

judges that have before them the entire record and the briefs of the respective parties.

* * *

Now, why is that important? The elements of the cause of action under the consumer fraud act are, one, that the defendant committed a deceptive act or practice; two, the defendant did so with the intent that the plaintiff rely on the deception; and, three, the deception occurred in the course of trade or commerce.

Plaintiff tends to point out mistakes or inconsistencies without a showing of intent to deceive; and when asked today and I believe in the past exactly what the deceptive practice was, it kind of boils down to, they continue to process a loan incorrectly, and in doing that, they were either inexperienced or have an evil motive or something along those lines.

There has to be a deceptive act or practice; and in this particular instance, that's never been explained adequately to the court. I am not going to get into the standing argument. I believe that's been resolved previously by the court. But I believe the argument in relation to the law of the case and the lack of a clear deceptive act or practice in this instance favors the defense."

In a May 16, 2019, order, the circuit court granted defendant's motion for summary judgment.

¶ 14    On June 5, 2019, plaintiff filed a motion to reconsider. On June 27, 2019, plaintiff withdrew his motion to reconsider, filed a motion for a new trial, and filed a motion for

sanctions pursuant to Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018). In his motion for a new trial, plaintiff argued (1) the courts confused common law fraud and the Fraud Act during litigation and thus placed an unjustifiably onerous burden of proof upon him and (2) attorney misconduct by defendant's prior attorney, Thomas Howard. Plaintiff's motion for sanctions alleged Howard violated Rule 137.

¶ 15       On August 29, 2019, the circuit court held a hearing on plaintiff's postjudgment motions. Before hearing argument on the motions, the court granted plaintiff's motion to withdraw his June 5, 2019, motion to reconsider. In a September 12, 2019, order, the court allowed plaintiff to withdraw his motion to reconsider, denied plaintiff's motion for a new trial, and denied plaintiff's motion for sanctions pursuant to Illinois Supreme Court Rule 137(a) (eff. Jan. 1, 2018). Specifically, the court denied plaintiff's motion for a new trial because it was "without substance and not timely filed." The court denied plaintiff's motion for sanctions because it was "without basis under either Supreme Court Rule 137(a) or the Illinois Rules of Professional Conduct. Additionally, plaintiff failed to show prejudice or damage as a result of any of the actions alleged to have occurred." On September 17, 2019, plaintiff filed his notice of appeal.

¶ 16       This appeal followed.

¶ 17                              II. ANALYSIS

¶ 18       Plaintiff appeals the judgment of the circuit court granting summary judgment in favor of defendant and denying plaintiff's motion for a new trial and his motion for sanctions. However, we find the trial court lacked jurisdiction to consider plaintiff's motion for a new trial and his motion for sanctions.

¶ 19        The circuit court loses jurisdiction after 30 days from the time the final judgment is entered when either (1) a posttrial motion directed against the judgment is not filed, (2) 30 days pass from the time the trial court disposes of a timely filed posttrial motion, or (3) a notice of appeal is timely filed. *Won v. Grant Park 2, L.L.C.*, 2013 IL App (1st) 122523, ¶ 20, 2 N.E.3d 595 (citing *Bell v. Hill*, 271 Ill. App. 3d 224, 228, 648 N.E.2d 170, 173 (1995)).  Under Illinois Supreme Court Rule 137(b) (eff. Jan. 1, 2018), a motion for sanctions "must be filed within 30 days of the entry of final judgment, or if a timely post-judgment motion is filed, within 30 days of the ruling on the post-judgment motion."

¶ 20        Here, on May 16, 2019, the circuit court granted defendant's motion for summary judgment on count II of plaintiff's third amended complaint.  On June 5, 2019, plaintiff filed a motion to reconsider.  On June 27, 2019, plaintiff withdrew his motion to reconsider, filed a motion for a new trial, and filed a motion for sanctions.  On August 29, 2019, the circuit court held a hearing on plaintiff's postjudgment motions.  In a September 12, 2019, order, the court allowed plaintiff to withdraw his motion to reconsider, denied plaintiff's motion for a new trial, and denied plaintiff's motion for sanctions.  On September 17, 2019, plaintiff filed his notice of appeal.

¶ 21        Plaintiff withdrew his motion to reconsider on June 27, 2019.  His motion for a new trial and his motion for sanctions were untimely where the motions were filed more than 30 days after the circuit court granted defendant's motion for summary judgment on count II of plaintiff's third amended complaint.  Here, the circuit court noted the timeliness issue but ultimately addressed the merits of plaintiff's postjudgment motions.  While we understand and appreciate the trial courts desire to, for the benefit of the parties, address the merits, we find the

- 7 -

court was without jurisdiction to do so. See *Kyles v. Maryville Academy*, 359 Ill. App. 3d 423, 431-32, 834 N.E.2d 441, 448 (2005).

¶ 22        Based on the aforementioned, we conclude that the circuit court did not retain jurisdiction to consider plaintiff's motion for a new trial or his motion for sanctions where plaintiff filed his motion for a new trial and his motion for sanctions more than 30 days after the circuit court granted defendant's motion for summary judgment. Consequently, we vacate the September 12, 2019, judgment and remand with directions to dismiss plaintiff's motion for a new trial and his motion for sanctions for lack of jurisdiction. Thus, the judgment allowing defendant's second motion for summary judgment on count II of the third amended complaint, entered May 16, 2019, remains in effect.

¶ 23                              III. CONCLUSION

¶ 24        For the foregoing reasons, we vacate the circuit court's judgment and remand with directions to dismiss plaintiff's motion for a new trial and his motion for sanctions for lack of jurisdiction.

¶ 25        Vacated and remanded with directions.