2019 IL App (1st) 190708-U

THIRD DIVISION
December 26, 2019

No. 1-19-0708

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| TAMERLANE HOMEOWNERS' ASSOCIATION, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 16 M1 703628 |
| | ) | |
| ERIKA SCHWELNUS and UNKNOWN OCCUPANTS, | ) | Honorable |
| | ) | Martin Paul Moltz, |
| Defendants-Appellants. | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Ellis and Justice McBride concurred in the judgment.

ORDER

¶ 1    *Held*:   The order of the circuit court of Cook County denying defendant's motion to quash service is vacated; this cause is remanded for an evidentiary hearing to determine whether plaintiff conducted a due and diligent inquiry to determine the residence and whereabouts of plaintiff before submitting an affidavit for service by posting.

¶ 2    Plaintiff, Tamerlane Homeowner's Association, filed a complaint for an order of possession and damages against defendant, Erika Schwelnus and unknown occupants of a condominium in Chicago.  Plaintiff first attempted to serve defendant with summons by sheriff's service and later by special process server before filing a motion for service by posting.  The trial court granted the motion for service by posting and entered an *ex parte* judgment against defendant.  Defendant filed a motion to vacate judgment which the trial court denied.

¶ 3    For the following reasons, we reverse the trial court's judgment and remand for further proceedings not inconsistent with this order.

¶ 4                              BACKGROUND

¶ 5    On February 25, 2016, Tamerlane Homeowners' Association, plaintiff (or "association"), filed a complaint for possession and common expenses against Erika Schwelnus, defendant, and all unknown occupants.  The complaint alleged defendant was the legal owner of the property commonly known as 2671 N. Greenview Avenue, Unit F, Chicago, Illinois 60614, which was subject to the association's governing documents.  The complaint alleged defendant had failed to pay common expenses in violation of the declaration of the association and in count I sought possession of the unit and unpaid common expenses pursuant to section 9-102 and 9-104.1 of the Code of Civil Procedure (Code) (735 ILCS 5/9-102, 9-104.4 (West 2014)).  Count I of the complaint alleged, in part, that plaintiff had caused to be sent to defendant a notice and demand for possession "by certified mail with return receipt requested to the last known address of the [d]efendant[]."  The notice and demand was attached to the complaint and listed defendant's address as 2671 N. Greenview Avenue, Unit F, Chicago, Illinois 60614 (hereinafter, "the Greenview address" or "Greenview").  (The record does not contain a copy of a return receipt for the notice.)  Count II of the complaint sought the unpaid common expenses under a breach of contract theory.  On the same day plaintiff filed the complaint, plaintiff's attorney issued a summons to defendant for service by the sheriff.  The summons listed defendant's address as the Greenview address.

¶ 6    On March 16, 2016, the Sheriff's Office of Cook County, Illinois filed an Affidavit of Service stating defendant was not served due to "no contact."  The affidavit stated that the sheriff attempted service at 2:00 p.m. on March 9 and March 11.

¶ 7    On March 22, 2016, plaintiff filed a motion for service of process by a special process server and asked the trial court to order service of process by Illinois Process Service, Inc. The same day, the trial court granted the motion for special process and leave to plaintiff's attorney to issue an alias summons to defendant, which plaintiff's attorney did the same day.

¶ 8    On April 19, 2016, plaintiff filed an affidavit for service by posting pursuant to section 2-206 and 9-107 of the Code (735 ILCS 5/2-206, 9-107 (West 2014)). Plaintiff's affidavit states defendant "cannot be found after diligent inquiry" and that defendant's place of residence "cannot be ascertained after diligent inquiry. [Defendant's] last known place of residence is: [the Greenview address.]" The same day the trial court issued an order for "posting notice" to defendant and set the matter for prove-up on May 3, 2016. On April 25, 2016, the sheriff issued an affidavit of service by posting to defendant. The affidavit of service by posting stated that on April 21, 2016, the sheriff served a notice to appear in court to defendant by posting the notice in "public places in the neighborhood of the named court and municipality." The affidavit of service by posting stated the sheriff posted the notice at the (1) Cook County Government Building, 118 N. Clark Street, Chicago, Illinois 60602; (2) Chicago City Hall, 121 N. LaSalle Street, Chicago, Illinois 60602; and (3) Daley Center, 50 W. Washington, Room 701, Chicago, Illinois 60602. The affidavit of service by posting also stated that a copy of the notice was mailed to defendant at the Greenview address.

¶ 9    On May 3, 2016, the trial court issued a judgment and order of possession *in rem* against the Greenview address granting plaintiff possession of the property and a monetary judgment for unpaid common expenses, attorney fees, and costs. The order assigned defendant's interest in any lease of the property to plaintiff and ordered any rents due to defendant to be paid to

plaintiff. The court stayed enforcement of the possession order until July 2, 2016 and directed the sheriff to evict defendant upon the expiration of the stay.

¶ 10    On June 29, 2016, Spencer Roman, indicating he was appearing *pro se*, filed a motion in this case to vacate service. Roman's motion is signed by Dr. Erika Schwelnus and asks the trial court to quash service by "publication upon which the plaintiff and authorized individual attempting to serve process on [her] failed to carry out the strict requirements of 735 ILCS 5/206 by nonperformance of due diligence standards attempting to ascertain [defendant's] permanent residence in Chicago either by researching the Land Records, *** the Driving License maintained by the Secretary of State, the Cook County Voting Registration or the State or National Medical License Records maintained by the State of Illinois Department of Professional Registration." Attached to the motion was Dr. Schwelnus's affidavit which stated as follows:

> "Comes now Dr. Erika Schwelnus a resident of Cook County, Illinois and respectfully states that title to the residential property located at 2671 F North Greenview, Chicago, Illinois was duly made in late December and succeeding in recording on the Recorder of Deeds in January 2016. Said property was made to satisfy payments of legal debts accumulated by Spencer Roman during the course of litigation between John and Ellyn Bank and 2671F LLC.
>
> I was made aware of pending litigation after title was transferred by Third Party Legal Services who attempted to advertise their services.
>
> I have resided in Chicago on North Talman since 1999 and was never personally served in the matter currently before this Court, nor have I attempted to in any way to evade service either by registered mail or authorized agent of the court."

¶ 11    On July 14, 2016, the trial court entered an agreed order striking the motion to vacate service. The order states: "Spencer Roman present in court, stating he appears pro se on behalf of Erika Schwelnus, his wife, defendant's motion to vacate service is stricken."

¶ 12    On September 16, 2016, the sheriff executed the possession order on the Greenview property. The sheriff's "eviction unit worksheet" was filed with the trial court on November 16, 2016.

¶ 13    On November 21, 2016, defendant, appearing *pro se*, filed an emergency motion to quash service arguing the trial court failed to obtain jurisdiction over her. Defendant's November motion to quash states defendant "objects to the jurisdiction of the court *** in so far as there appears [to be] an unsubstantiated affidavit regarding the requirements under 735 ILCS 5/2-203.1 for service by special order of the court." Defendant's motion stated she questions "the extent to which the court appointed process server made the requisite diligent inquiry along with the necessary affidavit outlining attempts at personal service before submitting to the court that [defendant] was unreachable."

¶ 14    Defendant attached an affidavit to the November motion to quash "outlining at least 6 methods of locating her ***." Defendant's affidavit states she has resided at 2844 North Talman Avenue in Chicago since 2000, she has "maintained active registration on the Cook County voter roles, [has] a valid Illinois Driver's License, and [her] personal residence appears on the Cook County Property Tax ID." Defendant's affidavit also states that she can be located with an internet search for her professional position at Rush University Medical Center and the College of Nursing. Defendant stated she has a valid license as a registered nurse and advanced care nursing registration and, therefore, she is "clearly accessible to anyone."

¶ 15    On August 15, 2017, plaintiff filed a motion to extend the enforceability of the May 3, 2016 order for possession. Plaintiff's August 2017 motion states that "[d]espite rent payments having been assigned to [plaintiff,] the common expenses owed *** have not been satisfied." Plaintiff's motion asks the court to extend the order for possession to permit plaintiff to recover the remaining balance due. On September 11, 2017, the trial court granted plaintiff's August 2017 motion and extended the enforceability of the May 2016 order for possession for 13 months.

¶ 16    On August 14, 2018, defendant, represented by counsel, filed a petition pursuant to section 2-1401(f) of the Code (735 ILCS 5/2-1401(f) (West 2018)) to vacate the orders of May 3, 2016 and September 11, 2017. Defendant's August 2018 petition pursuant to section 2-1401 asserts the court file in this case "does not reveal information relating to any attempt by [the special process server] to serve [defendant] including where service was made, how many times service was attempted, the time of day, or why service was unsuccessful." The petition also states that the court file shows that the court appointed a special process server but "there is no other information relating to what efforts and attempts were made to serve [defendant] and, or, investigate her principal place of residence or employment." The petition notes that, notwithstanding, the "affidavit for service by posting" attests that defendant "could not be found after diligent inquiry, that her current place of residence could not be ascertained after diligent inquiry, and that her last known place of residence was [the Greenview address]" but does not state when, how, or who attempted service. The petition also states that defendant's June 2016 motion to vacate service was presented to the court on July 14, 2016, by her husband, Roman Spencer, but the merits of the motion were not heard and the motion was stricken because neither defendant nor an attorney on her behalf appeared. Defendant's petition argues that plaintiff

- 6 -

failed to make due inquiry into defendant's whereabouts and a diligent inquiry into defendant's place of residence but defendant's whereabouts could have been discovered through a diligent investigation. Defendant argued constructive service was not proper and jurisdiction was not conferred on the trial court.

¶ 17    On August 14, 2018, defendant also filed an affidavit stating, in part:

>    "3. I have been a resident of Cook County, Illinois for the past twenty-five years, and, since 2000, I have lived at 2844 North Talman Avenue, Chicago, Illinois.

>    4. The foregoing residential address appears on certain identification records such as my Illinois driver's license, my Cook County voter registration information, and my Cook County property tax information.

>    5. I am licensed as a Registered Nurse and as an Advanced Care Nurse Practitioner. Due to my licenses, I am required to maintain a current registration with the Food and Drug Administration.

>    6. I am employed by Rush University Medical Center and the College of Nursing at Rush University. A Google search of my name, 'Erika Schwelnus,' displays my faculty profile at the College of Nursing on the Rush University website. My profile page shows my picture and contact information, which includes a telephone number, an email address, and street address. A Google search also shows that I am employed as a nurse practitioner at Rush University Medical Center and contact information that relates to my role as a nurse practitioner."

Defendant averred she was never personally served at her residence or at her place of employment.

¶ 18     On August 22, 2018, defendant re-filed the 2-1401 petition to vacate the trial court's May 3, 2016, and September 11, 2017 orders and her affidavit making the same arguments and averments.  Defendant's August 22, 2018 filing includes a summons issued by defendant's attorney to plaintiff for service by the sheriff.  The summons directs the sheriff to serve "Tamerland Homeowners' Ass'n, Agent: Michael Rutkowski" and lists plaintiff's address.  The sheriff executed an affidavit of service stating the sheriff served plaintiff on August 31, 2018 by leaving the petition and summons with the "registered agent, authorized person, or partner."  The "explanation" section of the sheriff's affidavit of service indicates that the person the sheriff served refused to provide their name and describes that person as an approximately 30-year old white female.

¶ 19     The trial court entered an order setting a briefing schedule on defendant's 2-1401 petition.  The court's order states that plaintiff "does not waive its objection to service by the sheriff of Cook County on 8/31/18."

¶ 20     On November 6, 2018, plaintiff filed its response in opposition to defendant's 2-1401 petition to vacate.  Plaintiff's response argued that defendant failed to properly serve the petition on plaintiff and as such the trial court lacked jurisdiction to hear the petition and it should be denied.  Plaintiff's response asserted "[a]lternatively and subject to [plaintiff's] objection to [the] court's jurisdiction, the [petition] is not well-founded as this court already reviewed the propriety of constructive service and granted [plaintiff] leave to serve defendant pursuant to 735 ILCS 5/9-107."  Plaintiff's response argued, in part, that the sheriff's affidavit of service of defendant's petition does not show it was served on plaintiff's registered agent because the affidavit states it

was served on an unidentified white female." Plaintiff's response argued section 2-204 of the Code (735 ILCS 5/2-204 (West 2018)) does not " 'provide that service can be had on an employee of the registered agent.' *Mason v. Freeman National Printing Equipment Co.,* 51 Ill. App. 3d 581, 538 (1977)." Plaintiff argued "[a]s service of process was not effectuated on [plaintiff's] registered agent or some other authorized agent, this court does not have jurisdiction to consider the [petition.]" Alternatively, plaintiff argued the summons was deficient because it did not provide "a date, time and location for the party being summoned to appear." Plaintiff's response argued the service by posting should stand and defendant's 2-1401 petition should be denied.

¶ 21    Plaintiff's response to defendant's petition to vacate also argued defendant failed to timely call the petition for hearing in violation of Circuit Court of Cook County Local Rule 2.3. Plaintiff's response asserted defendant's "motion" was originally filed on June 29, 2016, but was stricken. Plaintiff claimed defendant did not call "this motion" (referencing defendant's 2-1401 petition) for hearing "until it was restyled in its current form on or about September 24, 2018, more than two years after the original motion was filed." Plaintiff's response re-asserted that the original filing date of defendant's 2-1401 petition was June 29, 2016 and argued alternatively that the petition should be denied pursuant to the doctrine of *laches*. Plaintiff asserted that defendant believed she had a right to assert in June 2016, and that plaintiff had "relied, to its detriment, on the failure of defendant to enforce these alleged rights when it took certain post-judgment actions resulting in it incurring additional attorney's fees [*sic*] and costs." Plaintiff argued defendant's delay in bringing this "motion" for hearing was unreasonable and its reliance on this failure was reasonable and justified.

¶ 22    Substantively, plaintiff's response in opposition to defendant's petition to vacate argued the trial court has already ruled that constructive service was appropriate in this case.  Plaintiff's response complains that defendant's affidavit is stated in terms of the present and how she may be located at present rather than at the time service was attempted.  Plaintiff argued the trial court was in a better position at the time service was originally attempted "to consider the service attempts and the due inquiry performed at the time than it is now."  Plaintiff argued that nothing in defendant's affidavit claims "what would have come up in a Google search in 2016."  Plaintiff argued that "shortly before the filing of the complaint in this matter, the public records indicated that the subject property *** was her address."  In support of that argument plaintiff relied on the deed for the subject property and stated that according to the property tax bill for the subject property the address for the taxpayer was the Greenview address.  (Plaintiff's response does not assert that the special process server viewed any of those records in 2016.  Plaintiff only argued that "[a]s such, and contrary to defendant's assertions, [a] search the property tax records for the subject property, both then and now, would provide the address of the subject property.)"

¶ 23    Plaintiff also claimed "the service by posting was supported by the appropriate affidavit of diligence."  Plaintiff's response claimed the special process server found the Greenview address unoccupied and in a state of "rehab."  Plaintiff referenced an exhibit to its response and claimed that this information "was considered by [the trial court] in granting service pursuant to 735 ILCS 5/9-107."  Plaintiff attached to its response an affidavit of special process server averring that on March 26, 2016, the special process server spoke to the condominium president who told the special process server that the Greenview address had been quit claimed to Roman Spencer for one year.  The affidavit further states that the unit appears to be in a state of rehab and that a neighbor stated that the new owner was not residing in the unit.  The quit claim deed

attached to plaintiff's response actually lists Spencer Roman as the grantor and states that he quit claimed all interest in the Greenview address to defendant. Moreover, the property tax bills attached to the response (one is a printout from the Cook County Treasurer's website and another is a copy of an electronic Cook County property tax bill) states the "mailing information" for the property, which does list the Greenview address, is for "Roman Spencer" not defendant.

¶ 24    On November 20, 2018, defendant filed her reply in support of her 2-1401 petition to vacate the May 3, 2016 and September 11, 2017 orders. Defendant first argued that plaintiff failed to show that service of her petition on plaintiff was insufficient. Plaintiff acknowledged that "the agency of the person who received process *** may be challenged by the affidavit of the defendant," but argued that in this case defendant only relied upon "the return of the officer itself to challenge the issue of agency, nothing more." Defendant argued this is not enough to challenge the agency of the individual served; rather, an affidavit from defendant or the individual who accepted service was required, but is lacking. Defendant also argued the form of the summons was sufficient because "a return date conspicuously appeared on the top left corner of the summons." Defendant also argued she did not violate Circuit Court of Cook County Local Rule 2.3 because the June 29, 2016 motion was timely presented on July 14, 2016, then stricken without a hearing on the merits. Defendant argued that "sequence of events does not preclude the filing of a section 2-1401 petition" and plaintiff failed to cite authority to the contrary. Defendant further argued her petition is not barred by *laches* because a void judgment may be attacked at any time.

¶ 25    Substantively, defendant argued plaintiff's attempts to show it conducted a diligent inquiry and investigation into her whereabouts at the time the action was filed are unpersuasive. In support of her reply, defendant attached her own property tax bill from her Talman address

which does list her name and evidence that she has been in her current employment since 1991. Defendant also argued that the averments in the special process server's affidavit should have raised a doubt that anyone lived at the Greenview address and that this is "exactly the type of effort" this court has "called into question."

¶ 26    On December 6, 2018, the trial court entered an order stating that, the matter coming on for a hearing, the court referred the parties to the decision of our supreme court in "People v. Bailey (2014) and granted leave to defendant-petitioner to file an amended petition by December 20, 2018."

¶ 27    On December 21, 2018, defendant filed a document titled amended motion to vacate the orders of May 3, 2016 and September 11, 2017.  This "motion" argued a void order may be attacked at any time, the trial court entered the orders without personal jurisdiction over the defendant, and the orders are therefore void.  Defendant's amended motion is identical in substance to defendant's August 2018 2-1401 petition to vacate and states as an alternative count that defendant seeks to vacate the subject orders pursuant to section 2-1401(f) for the same reasons stated in the motion and that defendant submits that a section 2-1401(f) petition is not preempted by *People v. Bailey*, 2014 IL 115459, or the revestment doctrine.

¶ 28    On January 10, 2019, the trial court entered an order on defendant's motion to vacate the subject orders, which the court treated as a motion to quash, granting the motion.

¶ 29    The following day plaintiff filed a motion to vacate the January 10, 2019 order granting defendant's motion to vacate the May 3, 2016 and September 11, 2017 orders.  Plaintiff's motion states that according to the December 6, 2018 order granting defendant leave to amend her petition to address *Bailey* and setting the matter for a hearing, the matter was to be heard in one courtroom, where plaintiff's attorney appeared, but defendant's attorney appeared in a different

courtroom and obtained the January 19, 2019 order granting defendant's motion to vacate. Plaintiff argued the trial court's December 6, 2018 order controls, counsel for plaintiff did not receive adequate notice of a change in courtroom as required by the order, and without such notice, hearing on defendant's motion should not have occurred without plaintiff's counsel's presence.

¶ 30    Defendant responded to plaintiff's motion to vacate the January 10, 2019 order by asserting that after issuing its written order on December 6, 2018, the trial court orally advised the attorneys for the parties to contact his chambers to find out what courtroom he would be occupying on the hearing date. Defendant's attorney says he did so, learned where the trial judge who entered the December 6, 2010 order would be sitting and did in fact so inform plaintiff's attorney the day before the hearing. Defendant also argued plaintiff did not have a defense to her motion to vacate and that a hearing on the motion would result in the motion being granted.

¶ 31    On February 19, 2019, plaintiff filed a reply in support of its motion to vacate the January 10, 2019 order. Plaintiff argued the trial court's written order, stating that the hearing on defendant's motion would be heard in the courtroom in which plaintiff's attorney appeared, should control.

¶ 32    On March 6, 2019, the parties appeared for a hearing. The trial court granted plaintiffs motion to vacate the January 10, 2019 order. The parties proceeded with a hearing on defendant's motion to vacate the May 3, 2016 and September 11, 2017 orders. Following a hearing, the trial court found:

> "[T]here isn't really anything that I can look at in this case and say that in 2016 the special process server should have done more. There's certainly—as you pointed out, he could have done more. But I don't think there's any case that

- 13 -

really mandated that they do any more than they did. So for that reason, I'm going to deny the motion to quash."

¶ 33    The trial court entered an order denying defendant's "amended motion to quash service."

¶ 34    This appeal followed.

¶ 35                                                ANALYSIS

¶ 36    On appeal defendant again argues the trial court's May 3, 2016 and September 11, 2017 orders are void due to a lack of personal jurisdiction because plaintiff failed to comply with section 9-107 of the Code. First, however, we must address plaintiff's argument defendant never properly invoked the trial court's jurisdiction to consider whether those orders are void. Plaintiff argues the trial court lacked jurisdiction to consider defendant's petition attacking the orders at issue because defendant failed to comply with local rules and her "amended motion" to vacate is barred by the doctrine of *laches*. Whether there has been compliance with a statutory provision is a question of law, and our review is *de novo*. *Pennymac Corp. v. Jenkins*, 2018 IL App (1st) 171191, ¶ 36. Both of plaintiff's arguments attacking the trial court's jurisdiction to consider defendant's amended motion to vacate fail.

¶ 37    First, plaintiff argues that defendant failed to comply with Circuit Court of Cook County Local Rule 2.3. Rule 2.3 reads as follows: "The burden of calling for hearing any motion previously filed is on the party making the motion. If any such motion is not called for hearing within 90 days from the date it is filed, the court may enter an order overruling or denying the motion by reason of the delay." Ill. Cook County Cir. R. 2.3. Plaintiff argues defendant originally filed what the court ruled on as her amended motion to vacate on June 29, 2016. Plaintiff argues the trial court struck the June 2016 motion from the call in July 2016, then defendant "did not re-call her motion for hearing until it was re-filed and subsequently presented

by her attorney as the section 2-1401 petition to vacate \*\*\* on or about September 24, 2018 [*sic*][1], more than two years after the original motion was filed." Plaintiff concludes, "[as] [defendant] failed to call her petition to vacate for hearing for over two years, it was within the [trial court's] discretion to deny the petition." This argument fails twice. First, plaintiff has cited no authority for why defendant's August 14, 2018 section 2-1401 petition can or must be treated as a refiling of her June 2016 motion to quash service of process. We find this court's decision in *Belluomini v. Lancome*, 207 Ill. App. 3d 583 (1990) instructive.

¶ 38    In *Lancome*, all of the defendants' arguments on appeal assumed that the trial court's order "striking the plaintiff's motion to vacate was a denial or dismissal of the motion which constituted an adjudication on the merits of the cause." *Id.* at 585. This court wrote: "When it is necessary to construe a court order, it should be interpreted in the context of the record of proceedings and the situation which existed at the time of its rendition." *Id.* at 586. In that case, the plaintiff had noticed its motion to vacate for hearing, then failed to appear. *Id.* The trial court entered an order using "the term stricken rather than denied or dismissed." *Id.* This court found that under the circumstances, the trial court's order should be interpreted "as meaning that the motion, although stricken from the court call, remained pending." *Id.* The court distinguished another case relied upon for the proposition that striking the motion resulted in its denial on the ground that in the other case the trial court's order "provided that the motion was 'stricken with prejudice.' [Citation.]" *Id.*, quoting *B-G Associates, Inc. v. Giron*, 194 Ill. App. 3d 52, 56 (1990). "The term 'with prejudice' clearly denoted a finality lacking in the instant cause." *Id.*

---

[1]    Defendant filed the petition on August 14, 2018. The trial court entered a status order on September 24, 2018 continuing the matter to October 15, 2018 for status.

¶ 39    In this case, the trial court's order striking defendant's August 2018 motion to quash

service does not provide that the motion was stricken "with prejudice."  Nonetheless, we must

interpret the order "in the context of the *** situation which existed at the time of its rendition."

*Id.*  Here, the situation at the time defendant's August 2018 motion to quash was stricken was

that defendant had not appeared in court and the motion had been prepared and filed by her

husband, a non-attorney.  "Illinois law requires that all who represent others in courts of law be

attorneys at law ([citations]), *i.e.*, that they be admitted to the practice of law ([citation]).  A

layman may only appear in his own behalf. [Citations.]"  *Paddock v. Department of Employment*

*Security*, 184 Ill. App. 3d 945, 948-49 (1989).  The motion Spencer Roman filed was of no

effect.  See *Blue v. People*, 223 Ill. App. 3d 594, 596 (1992).  In *Blue*, the court held:

> "One not duly authorized to practice law may not represent another in a
>
> court of law. ([Citations])  Lay people may appear only in their 'proper persons'
>
> ([citation]), *i.e.*, only on their own behalf. ([Citation.])  A pleading signed by a
>
> person who is not licensed to practice law in this State is a nullity even if a duly
>
> licensed attorney subsequently appears in court. ([Citation.])  Where one not
>
> licensed to practice law has instituted legal proceedings on behalf of another, the
>
> suit should be dismissed; if the suit has proceeded to judgment, the judgment is
>
> void and will be reversed. [Citation.]"  *Id.* at 596.

¶ 40    In this case, we must construe the trial court's order striking the June 2016 motion to

quash service of process as "with prejudice" and a final adjudication of that matter because the

motion was a nullity as a matter of law.  *Cf.*, *Lancome*, 207 Ill. App. 3d at 586.  We hold the June

2016 motion was not pending when defendant filed the August 2018 petition and, thus, the

August 2018 petition was not a refiling of the June 2016 motion.  Moreover, "[t]he filing of a

section 2-1401 petition is considered a new proceeding, not a continuation of the old one." *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 102 (2002), citing 735 ILCS 5/2–1401(b) (West 2000); *Mitchell v. Fiat–Allis, Inc.*, 158 Ill.2d 143, 149 (1994).

¶ 41    Accordingly, plaintiff's argument defendant failed to comply with Local Rule 2.3 must fail. So too, plaintiff's argument based on *laches*, premised on a "delay of more than two years in bringing the motion for hearing" must fail. Plaintiff's factual premise for its argument is false. Defendant did not fail to re-file her motion for two years. Instead, she filed a petition pursuant to section 2-1401 of the Code 11 months after the trial court entered an order extending the enforceability of the May 3, 2016 order for possession. Even if we were to consider a different period of delay[2] plaintiff's *laches* argument would fail. Plaintiff has not argued it was prejudiced based on any other period of delay thus forfeiting any such argument.

> "Consistent with the plain language [Illinois Supreme Court Rule 341], this court has repeatedly held that the failure to argue a point in the appellant's opening brief results in forfeiture of the issue. [Citations.] Both argument and citation to relevant authority are required. An issue that is merely listed or included in a vague allegation of error is not 'argued' and will not satisfy the requirements of the rule." *Vancura v. Katris*, 238 Ill. 2d 352, 369-70 (2010).[3]

---

[2]    On November 21, 2016, defendant filed a *pro se* emergency motion to quash service, over a year-and-a-half before she filed the 2-1401 petition.

[3]    For the same reason, plaintiff's argument premised on Local Rule 2.3 would have also failed because plaintiff admitted that under Local Rule 2.3 the trial court "may" overrule or deny the motion by reason of the delay making it a matter within the trial court's discretion but then failed to argue how considering the motion more than 90 days later was an abuse of that discretion.

More importantly, however, a void judgment may be attacked at any time. "It is well settled that a void judgment may be set aside at any time. [Citations.] *Laches* do not apply in setting aside a void judgment for if the judgment is void, it is without any legal effect. [Citations.]" *Johnson v. Hawkins*, 4 Ill. App. 3d 29, 31 (1972).

¶ 42    Plaintiff also argues defendant failed to properly serve the petition to quash because the sheriff's return of service indicates the sheriff served an unknown white female rather than plaintiff's registered agent Michael Rutkowski. Plaintiff cites *Mason v. Freeman National Printing Equipment Co., Ltd.*, 51 Ill. App. 3d 581, 583 (1977), which noted that "[n]owhere does the statute provide that service can be had on an employee of the registered agent." Defendant argues plaintiff had the burden to prove the person served was not authorized to receive service and that plaintiff's reliance on the sheriff's return is insufficient for that purpose. Defendant relies on *Island Terrace Apartments v. Keystone Service Co., Div. of Cole Coin Operated Laundry Equipment, Inc.*, 35 Ill. App. 3d 95, 98 (1975), in which this court wrote as follows:

> "Generally, the sheriff's return is *prima facie* evidence of service which can be set aside only by clear and satisfactory evidence. ([Citations.]) When a corporation is sued, however, a sheriff's return as to the fact of agency is not conclusive. Agency involves matters presumptively not within the personal knowledge of the officer, and may be placed in issue by a denial. ([Citations.]) Where the agency of the person named on the return is disputed, the defendant has the burden of proving that the individual served was not a proper person to receive service." *Island Terrace Apartments*, 35 Ill. App. 3d at 98.

"We review *de novo* whether the trial court obtained personal jurisdiction." *Aspen American Insurance Co. v. Interstate Warehousing, Inc.*, 2016 IL App (1st) 151876, ¶ 24, reversed on other grounds, 2017 IL 121281, ¶ 24.

¶ 43    Initially we note plaintiff failed to obtain a ruling on the question of whether the trial court obtained jurisdiction to hear defendant's motion due to the allegedly defective service on plaintiff. "[P]ersonal jurisdiction, unlike subject-matter jurisdiction, can be waived." *Stone St. Partners, LLC v. City of Chicago Department of Administrative Hearings*, 2017 IL 117720, ¶ 46 (Freeman, J., dissenting.) At the hearing on defendant's amended motion to vacate judgment, the parties argued the issue, but the trial court vacated the January 10, 2019 order that initially granted defendant's motion to vacate judgment then, following a hearing on the merits, denied defendant's "motion to quash" without ruling on plaintiff's argument the trial court "hasn't been revested with jurisdiction to even hear [defendant's] motion." "An alleged error is not preserved for review if the trial court fails to rule upon it." *PNC Bank, National Ass'n v. Wilson*, 2017 IL App (2d) 151189, ¶ 29. Accordingly, this issue is forfeited. *Id.*

¶ 44    Even were it not forfeited, plaintiff's argument would fail.

"A party can serve a private corporation by leaving a copy of the summons and complaint with the registered agent or any officer or agent of the corporation found anywhere in the State. [Citation.] An affidavit of service constitutes *prima facie* evidence of proper service. [Citation.] Courts entertain every reasonable presumption in favor of the return of service. [Citation.] To attack a default judgment for lack of personal jurisdiction, the challenging party must produce evidence impeaching the return of service by clear and convincing evidence. [Citation.] An uncorroborated affidavit merely saying that the

defendant had not been personally served is not enough to refute the return of service.  [Citation.]"  *Charles Austin, Ltd. v. A-1 Food Servs., Inc.*, 2014 IL App (1st) 132384, ¶ 16.

In this case, the affidavit states the sheriff served "the registered agent, authorized person or partner of the defendant corporation."  The record indicates the sheriff did not serve the registered agent.  Nonetheless, plaintiff has presented no evidence the sheriff did not serve an "authorized person or partner of the defendant corporation" just because the person who was served "refused" to give their name.  Plaintiff did not provide an "uncorroborated affidavit" or anything else to refute the return of service other than the return of service itself.  Here, we have no evidence the person served was not an employee of the corporation (although the sheriff's affidavit indicates she was because she was "authorized") and we have no evidence of her understanding of the import of the documents she received.  Plaintiff has fallen far short of clear and convincing evidence to refute service and the affidavit of service is facially sufficient to serve as *prima facie* evidence of proper service.  Accordingly, we hold plaintiff has failed to satisfy its burden to prove the person served was not its agent for purposes of accepting service. *Island Terrace Apartments*, 35 Ill. App. 3d at 98.

¶ 45    We now turn to defendant's argument the trial court's May 3, 2016 and September 11, 2017 orders are void for lack of personal jurisdiction.  Section 9-107 of the Code reads, in pertinent part, as follows:

> "If the plaintiff *** is unable to obtain personal service on the defendant
> or unknown occupant and a summons duly issued in such action is returned
> without service stating that service can not be obtained, then the plaintiff, ***
> may file an affidavit stating that the defendant or unknown occupant is not a

resident of this State, or has departed from this State, or *on due inquiry cannot be found*, or is concealed within this State so that process cannot be served upon him or her, and also stating the place of residence of the defendant or unknown occupant, if known, or if not known, that *upon diligent inquiry* the affiant has not been able to ascertain the defendant's or unknown occupant's place of residence, then *** the defendant or unknown occupant may be notified by posting and mailing of notices; or by publication and mailing, as provided for in Section 2-206 of this Act." (Emphases added.) 735 ILCS 5/9-107 (West 2016).

We will review the trial judge's ruling *de novo*." *Equity Residential Properties Management Corp. v. Nasolo*, 364 Ill. App. 3d 26, 31 (2006).

¶ 46    Defendant argues the orders are void because plaintiff failed to comply with section 9-107 of the Code before turning to service by publication. Plaintiff responds a review of the tax records for the property it was trying to gain possession of "in conjunction with the process server's return" (which stated the subject property was "in a state of rehab" and the new owner was not residing in the unit) are "an adequate showing of diligence in light of the specific facts of this case." Plaintiff also argues it did not have to search the internet or attempt to serve defendant at her place of employment to satisfy the diligence requirements of section 9-107. In *Nasolo*, this court held that a diligent search is required before service by publication:

"The phrases 'due inquiry' and 'diligent inquiry' in that statute are not intended as useless phrases but are put there for a purpose. [Citation.] Superficial efforts at complying with the statute will not suffice. [Citations.] Instead, the law requires an honest and well-directed effort to ascertain the whereabouts of a

defendant by an inquiry as full as circumstances can permit. [Citation.] This is so that if possible service of process can be had in person. [Citation.] ***

Furthermore, if the statutorily mandated inquiries are not made, a plaintiff's affidavit for constructive service does not speak the truth and cannot confer jurisdiction. [Citations.] The party claiming benefit of constructive service bears the burden of showing strict compliance with every requirement of the statute, and nothing else will confer jurisdiction to the court or grant validity to the court's judgment. [Citation.] When a defendant has not been served with process as required by law, the court has no jurisdiction over that defendant and a default judgment entered against him or her is void." (Internal quotation marks omitted.) *Nasolo*, 364 Ill. App. 3d at 32.

¶ 47 The *Nasolo* court found on the record before it that there was "a significant question as to whether [the plaintiff] made due inquiry into [the defendant's] whereabouts and diligent inquiry into her place of residence before resorting to constructive service by posting." *Id.* at 32-33. The record in this case contains even less of a showing of due inquiry and diligent inquiry on plaintiff's part.

¶ 48 In this case, the sheriff made two attempts at service over the course of three days. See *id.* at 33. The special process server made one more attempt 15 days later. This is in comparison to the four attempts at service made in *Nasolo*. *Id.* at 33. In *Nasolo* the attempts at service were made between 8:00 a.m. and 8:00 p.m.; in this case all of the attempts were between the hours of 1:00 p.m. and 2:10 p.m. *Id.* Further, in this case, like in *Nasolo*, the special process server's affidavit indicates the reason attempts at service were unsuccessful were that the Greenview address was being rehabbed and no one was living there and, like in *Nasolo*, "the record

indicates neither [plaintiff's attorney] nor [anyone else] made any attempts to find [defendant] before tendering the affidavit for constructive service." *Id.* Whereas the *Nasolo* court found alleged "earlier efforts" in that case to obtain personal service—including telephoning the plaintiff at work, sending mail to the plaintiff, and calling the plaintiff's emergency contact number—did "not add up to compliance with the statute" (*id.* at 34), in this case, based on the record before us there were no efforts at all other than the attempts at service at the vacant condominium. Nor is plaintiff correct that it was not required to attempt to serve defendant at her workplace as a matter of law. See *id.*, citing *First Federal Savings and Loan Ass'n of Chicago v. Brown*, 74 Ill. App. 3d 901, 907-08 (1979). In *Brown*, this court found:

> "Our supreme court has said that the phrases 'due inquiry' and 'diligent inquiry' in the statute governing service by publication 'are not intended as useless phrases but are put there for a purpose. *** A perfunctory inquiry does not comply with the provisions of the statute. An honest and well directed effort must be made to ascertain the names and addresses of unknown parties. The inquiry must be as full as the circumstances of the particular situation will permit.' ([Citation.]) Moreover, *checking employment records and court records may be part of the 'due inquiry' required of a plaintiff relying on service by publication, depending on the circumstances*. [Citations.]" (Emphasis added.) *Brown*, 74 Ill. App. 3d at 907.

¶ 49     We hold in this case, as in *Nasolo* and *Brown*, there is a significant question with respect to the truthfulness of the affidavit filed by plaintiff's attorney for service by publication. *Nasolo*, 364 Ill. App. 3d at 32-33; *Brown*, 74 Ill. App. 3d at 907. Having so found, an evidentiary hearing is warranted on the question of whether plaintiff made the due and diligent inquiry

"required of a plaintiff intending to rely on constructive service." *Nasolo*, 364 Ill. App. 3d at 37. Accordingly, the order denying defendant's petition to quash service of process and vacate the orders of May 3, 2016 and September 11, 2017 is vacated, and the cause is remanded for further proceedings consistent with this order. In light of this holding we have no need to address the parties' additional arguments.

¶ 50                                    CONCLUSION

¶ 51    For the foregoing reasons, the order of the circuit court of Cook County denying the petition to quash service and vacate judgment is vacated, and the cause remanded for further proceedings.

¶ 52    Vacated and remanded.