# Illinois Official Reports

## Appellate Court

---

### *Phoenix Capital, LLC v. Tabiti*, 2016 IL App (1st) 162686

---

| | |
|---|---|
| Appellate Court Caption | PHOENIX CAPITAL, LLC, Plaintiff-Appellee, v. ABAYOMI TABITI, Defendant-Appellant. |
| District & No. | First District, Second Division<br>Docket No. 1-16-2686 |
| Filed | October 31, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2008-M2-002608; the Hon. Christopher Lawler, Judge, presiding. |
| Judgment | Appeal dismissed. |
| Counsel on Appeal | Jonathan Bailey, of The Rooney Law Firm, P.C., of Chicago, for appellant.<br><br>McStephen O.A. Solomon, of Hazel Crest, for appellee. |
| Panel | PRESIDING JUSTICE HYMAN delivered the judgment of the court, with opinion.<br>Justices Pierce and Mason concurred in the judgment and opinion. |

**OPINION**

¶ 1     Plaintiff argues that until the trial court determines the amount of the attorney fees to award it as sanctions under Illinois Supreme Court Rule 137 (eff. July 1, 2013), defendant's notice of appeal is premature and we lack jurisdiction. We agree, and must dismiss the appeal because, absent language stating otherwise, the issue of the amount of the Rule 137 sanctions is part of the underlying action and as long as it remains pending, we lack a final, appealable order to review.

¶ 2                                    Background
¶ 3     After plaintiff, Phoenix Capital, LLC, sued defendant, Abayomi Tabiti, the trial court entered a default against Tabiti and ordered Tabiti to turn over funds. Tabiti then filed a motion to vacate the order and for an accounting. On September 9, 2016, the trial court denied Tabiti's motion and granted Phoenix Capital's motion for sanctions under Illinois Supreme Court Rule 137 (eff. July 1, 2013) as to Tabiti only, and not as to his attorney. The court gave Phoenix Capital until October 14, 2016, to prepare and present a fee petition.

¶ 4     On September 12, 2016, Tabiti filed a notice of appeal, seeking review of the trial court's September 9, 2016, order. On October 29, 2016, Phoenix Capital filed a motion to dismiss the appeal as premature. Phoenix Capital contends that Tabiti did not appear at the October 14, 2016, hearing addressing the attorney fees, and until the trial court enters an order on the amount awarded as Rule 137 sanctions, we cannot consider the appeal. Defendant responds that the trial court's order granting plaintiff Rule 137 sanctions resolved the matter, and thus his appeal may proceed. Because few cases address this question of the finality of a Rule 137 sanctions proceeding, we issue this opinion to provide some clarity.

¶ 5                                    Analysis
¶ 6     A timely notice of appeal must be filed within 30 days after entry of the final judgment appealed from or, if a timely posttrial motion directed against the judgment is filed, within 30 days after the trial court disposes of the last pending posttrial motion. Illinois Supreme Court Rule 303(a)(1) (eff. Jan. 1, 2015). A final order or judgment requires a determination by the trial court on the issues presented by the pleadings that ascertains and fixes absolutely and finally the rights of the parties to the litigation. *Berg v. White*, 357 Ill. App. 3d 496, 501 (2005).

¶ 7     Our courts have made a distinction between a claim for fees brought as part of a principal action and a claim made after the principal action has been decided. *Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 462-63 (1990); *Servio v. Paul Roberts Auto Sales, Inc.*, 211 Ill. App. 3d 751, 759 (1991). Under Rule 137, a proceeding for attorney fees is within and a part of the underlying civil action, not a separate cause of action, and, therefore, must be resolved before the case becomes appealable unless there is a Rule 304(a) finding. See *Marsh*, 138 Ill. 2d at 468; *Berger v. Matthews*, 216 Ill. App. 3d 942, 944 (1991). Conversely, motions for fees collateral to the judgment do not affect the appealability of a final judgment. *Servio*, 211 Ill. App. 3d at 761. For instance, a petition for deposition costs and subpoena witness fees need not have been resolved before the action became appealable. *Berger*, 216 Ill. App. 3d at 944.

¶ 8        On September 9, 2016, the trial court denied Tabiti's motion for an accounting and granted plaintiff's motion for Rule 137 sanctions against Tabiti, while denying sanctions against his attorney. The order explicitly reserved the calculation of the amount of fees by giving Phoenix Capital until October 14, 2016, to prepare and present a fee petition. In the interim, Tabiti filed a notice of appeal and insists once the trial court found cause for sanctions and entered the order granting the motion, the issue became final and appealable. Not so. We have no jurisdiction as plaintiff's motion for Rule 137 sanctions was part of the underlying action, and has yet to be completely resolved. If we were to exercise jurisdiction before the sanctions proceeding had concluded with the trial court resolving the fee petition issue, the case could likely be before us again should one party opt to appeal on the fees. Thus, our decision fosters the interests of judicial economy and finality.

¶ 9        Moreover, the trial court judgment from which Tabiti appeals does not contain the Rule 304(a) language. Tabiti contends the trial court stated in open court that there was no need for Rule 304(a) language because the court's order was final. Nothing in the record before us supports that contention. If Tabiti intended to immediately appeal, he had to obtain the inclusion of Rule 304(a) language.

¶ 10       Appeal dismissed.