2020 IL App (1st) 191216-U

No. 1-19-1216

Order filed May 11, 2020

First Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| JAMES T. STRUCK, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 L 36362 |
| | ) | |
| COOK COUNTY GUARDIAN, | ) | Honorable |
| | ) | Moira S. Johnson, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

JUSTICE PIERCE delivered the judgment of the court.
Presiding Justice Griffin and Justice Walker concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Appeal dismissed for lack of appellate jurisdiction.

¶ 2     Plaintiff-appellant James T. Struck appeals *pro se* from two orders of the circuit court concerning the dismissal of his lawsuit against the "Cook County Guardian."[1] For the following reasons, we lack appellate jurisdiction and dismiss the appeal.

_____

[1] It appears that plaintiff intended to sue the Office of the Cook County Public Guardian, although no party besides plaintiff appeared in this action.

¶ 3    Although plaintiff's brief is largely incoherent, and no appellee brief has been filed, we glean the following facts from the record. It appears that an earlier proceeding in the probate division of the circuit court of Cook County involved plaintiff's mother, *Estate of Janie Struck, a Disabled Person*, No. 86 P 4029. The record in this appeal includes two copies of orders entered in that probate matter: (1) a copy of an April 2007 order in which the trial court authorized the Cook County Public Guardian "to place Janie B. Struck in an appropriate nursing care facility," and (2) a May 8, 2009, order that prohibited plaintiff from entering his mother's nursing home or from "having ANY contact with Janie Struck." According to plaintiff's submissions here, his mother died in July 2017.

¶ 4    Plaintiff, acting *pro se*, filed this case on April 4, 2019. Plaintiff filed a civil action cover sheet in the law division of the circuit court of Cook County, reflecting that he desired to initiate a "personal injury/wrongful death action" against the "Cook County Guardian."

¶ 5    On the same date, plaintiff also filed a pleading entitled "Motion [for] Compensation as Cook County Did Aggravated Battery, Manslaughter, Theft, Financial Exploitation of my mom and me contributing to her death 7/15/2017" (the motion). In the motion, plaintiff alleged numerous wrongful acts against himself and his mother, including that "Cook County did aggravated battery of my mom * * * by battering her with toxic medications." Plaintiff specified that "Cook County's Nathan Goldenson[2] wrote an order signed by Judge Maureen E. Connors for my mom to 'Submit to all shots' when shots are battery." Plaintiff claimed that the circuit court had engaged in "elder abuse" of his mother, and that Cook County committed "financial

---

[2] The record reflects that Goldenson appeared as counsel on behalf of the Cook County Public Guardian in case No. 86 P 4029.

exploitation of an adult child caregiver" by declining to reimburse him for costs of his mother's care. Plaintiff also alleged that $150,000 was stolen from him and his mother.

¶ 6 In the motion, plaintiff also claimed that the Cook County Public Guardian engaged in "sex, age, disability discrimination" against his mother and violated several federal statutes, including the Americans with Disabilities Act. He further asserted a violation of the thirteenth amendment to the United States Constitution because his mother had been "enslave[d]" as well as a violation of the eighth amendment, in that "[d]enying phone, visits, home, church to an elderly person and son is a form of cruelty." Plaintiff also alleged "Wrongful Death" resulting from "Cook County's confinement [of plaintiff's mother] in [a] nursing home."

¶ 7 Also on April 4, 2019, plaintiff filed an application for waiver of court fees based on his inability to afford them. The next day, April 5, 2019, the trial court entered an order that denied his fee application and, at the same time, dismissed the lawsuit. That order stated:

> "The application is denied for the following reason(s): Applicant cannot bring a suit [on] behalf of another. This case is hereby dismissed and any and all further dates are hereby stricken."

The record on appeal does not contain a transcript of any corresponding proceedings on April 5, 2019.

¶ 8 Notwithstanding the April 5, 2019, dismissal order, the record reflects that plaintiff received a notice stating that there would be a "case management call of [his] case" on May 29, 2019. It is not apparent from the record when this notice was transmitted or received.

¶ 9 On May 13, 2019, the trial court entered an order stating:

"This cause coming before the court for administrative status, the court being fully advised in the premises and having jurisdiction of the parties and/or the subject matter,

IT IS HEREBY ORDERED AS FOLLOWS: * * * Case previously disposed of on 4/5/19 by Judge Flannery[.] Court date of 5/29 is stricken * * * and [plaintiff] is excused from attending."[3]

The record does not contain a transcript of any court proceedings on May 13, 2019. Nothing in the record indicates whether plaintiff was in court on that date, or when he received notice of the May 13, 2019, order.

¶ 10    According to plaintiff's brief, he came to court on May 29, 2019, the date of the previously-scheduled case management conference, but was told by the court to leave. The record on appeal does not contain any record of proceedings from that date.

¶ 11    On May 29, 2019, plaintiff filed a document entitled "Motion Compensation as I can Bring Suit on My Own Behalf * * * *." In that submission, plaintiff stated that "I can plead on my own behalf that I miss my mother and this is a type of personal injury cause of action" and that "[t]he power of attorney act gives me the right to sue on my mom's behalf." The record does not reflect whether the trial court ever made any ruling on that submission.

¶ 12    On June 4, 2019, plaintiff filed a document entitled "Motion Compensation Violations of Law by Cook County and Cook County Guardian" that repeated many of the allegations in his

---

[3] The April 5, 2019, order was entered by Judge James P. Flannery. The May 13, 2019, order was entered by Judge Moira S. Johnson.

prior submissions, as well as adding new claims for relief related to the alleged mistreatment of his mother. The record on appeal does not reflect that the trial court ruled upon that submission.

¶ 13    On June 13, 2019, plaintiff filed a notice of appeal indicating that he sought review of both the April 5, 2019, order and the May 13, 2019, order. On August 7, 2019, plaintiff filed an amended notice of appeal, which added a number of handwritten factual allegations and claimed violations of statutory and constitutional rights.

¶ 14    On appeal, the bulk of plaintiff's *pro se* brief consists of allegations of purported facts. Relevant to this appeal, he contends that in the April 5, 2019, order, "Judge Flannery wrongly ruled that I did not have standing to plead on my behalf" and that in the May 13, 2019, order, the trial court "incorrectly supported [Judge] Flannery's violation of the ADA, 1st amendment right to redress grievances, express concern with nursing home care act violations, ADA and violations of power of attorney act." He claims that "the trial court ruled incorrectly that adult children do not have a wrongful death act right, power of attorney act, nursing home care act, ADA, right to plead on behalf of themselves and their parents." No appellee brief was filed.

¶ 15    Before this court can address the merits of the appeal, we have an independent duty to assess our own jurisdiction, regardless of whether that issue has been raised by any party. *A.M. Realty Western L.L.C. v. MSMC Realty, L.L.C.*, 2016 IL App (1st) 151087, ¶ 67; see also *Secura Ins. Co. v. Illinois Farmers Ins. Co.*, 232 Ill. 2d 209, 213 (2009) ("A reviewing court must ascertain its jurisdiction before proceeding in a cause of action, regardless of whether either party has raised the issue. [Citations.]"). As explained below, we lack jurisdiction to review either the April 5, 2019, order or the May 19, 2019, order and, consequently, dismiss this appeal.

¶ 16     "The timely filing of a notice of appeal is mandatory and jurisdictional. [Citation.]" *Won v. Grant Park 2, L.L.C.*, 2013 IL App (1st) 122523, ¶ 20. "Strict compliance with the supreme court rules governing the time limits for filing a notice of appeal is required, and neither a trial court nor an appellate court has the authority to excuse compliance with the filing requirements mandated by the supreme court rules. [Citation.] When an appeal is untimely, this court has no discretion to take action other than to dismiss the appeal. [Citation.]" *Id.*

¶ 17     Supreme Court Rule 303(a)(1) requires that, "a notice of appeal must be filed within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against judgment is filed, within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order." *Won*, 2013 IL App (1st) 122523, ¶ 20; Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 18     In this case, plaintiff seeks to appeal both the April 5, 2019, order and the May 13, 2019, order. His notice of appeal was filed on June 13, 2019. We first consider whether the April 5, 2019, order was "final" within the meaning of Rule 303(a). "An order or judgment is final for purposes of Rule 303(a) if it terminates the litigation between the parties on the merits of the cause or disposes of the rights of the parties either upon the entire controversy or upon some definite part thereof." (Internal quotation marks omitted.) *Kroot v. Chan,* 2017 IL App (1st) 162315, ¶ 12. "A final order or judgment requires a determination by the trial court  * * * which ascertains and fixes absolutely and finally the rights of the parties to the litigation. [Citation.]" *Phoenix Capital, LLC v. Tabiti*, 2016 IL App (1st) 162686, ¶ 6. In other words, "[a] final order is one that 'resolve[s] every right, liability or matter raised.' " *Goral v. Kulys*, 2014 IL App (1st) 133236, ¶ 22 (quoting *Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 465 (1990)).

¶ 19    Here, the record shows that the April 5, 2019, order was a "final" order.  In that order, the court determined that plaintiff could not bring his lawsuit "on behalf of another," indicating its conclusion that plaintiff lacked standing to proceed. The trial court's order does not suggest that any of his claims remained pending, or that any further proceedings were necessary. To the contrary, the April 5, 2019, order explicitly indicated that it terminated the litigation in its entirety, stating: "This case is hereby dismissed and any and all further dates are hereby stricken." Thus, the April 5, 2019, dismissal order "ascertain[ed] and fixe[d] absolutely and finally the rights of the parties to the litigation. [Citation.]" *Phoenix Capital, LLC*, 2016 IL App (1st) 162686, ¶ 6.

¶ 20    Under Rule 303(a)(1), plaintiff had to either file a notice of appeal within 30 days, or file a timely motion directed against the April 5, 2019, order to preserve his appeal of this order. Plaintiff failed to do either. The notice of appeal was not filed until June 13, 2019, more than 30 days after the April 5, 2019, order. And plaintiff did not file a timely motion directed against the April 5, 2019, final order. "Section 2-1203(a) of the Code of Civil Procedure requires that a postjudgment motion be filed within 30 days of the judgment. 735 ILCS 5/2-1203(a) (West 2012). If a party files a postjudgment motion more than 30 days after the entry of final judgment, the motion will not toll the time for filing a notice of appeal. [Citation.]" *Goral*, 2014 IL App (1st) 133236, ¶ 20. In this case, any timely motion to reconsider the April 5, 2019, dismissal order was due within 30 days, or by May 5, 2019. 735 ILCS 5/2-1203(a) (West 2018). The record does not reflect any filing by defendant until his May 29, 2019, "Motion Compensation as I can Bring Suit on My Own behalf." Clearly, that motion was filed more than 30 days after the April 5, 2019, dismissal order and it was not a timely postjudgment motion that could extend the time to appeal the April 5 final order. We thus conclude that defendant's notice of appeal was untimely with

respect to the April 5, 2019, dismissal order, and therefore we lack jurisdiction to review that final order.

¶ 21    Defendant's notice of appeal also seeks review of the trial court's May 13, 2019, order, that states the case was "previously dismissed" on April 5, 2019. While there is no question that defendant's notice of appeal was filed within 30 days of the May 13, 2019, order, in light of our conclusion that the April 5, 2019, order was a final order (and that there was no timely motion to reconsider that order), the trial court had lost jurisdiction in this case by the time it entered the May 13, 2019, order. As a result, we have no appellate jurisdiction to review that order.

¶ 22    We observe that the language of the May 13 order makes an administrative statement that the case was "previously dismissed." Thus, the order itself does not purport to affirm, modify or vacate any previous order: it simply struck the case for that call and stated the reason for the case being stricken. But, even if it could be plausibly argued that this order was directed at the April 5 order, it was entered more than 30 days after the case was dismissed on April 5 and is of no import.

¶ 23     "It is well established that a trial court loses jurisdiction over a case and the authority to vacate or modify its judgment 30 days after the entry of judgment, unless a timely postjudgment motion is filed. [Citations]." *Longo v. Globe Auto Recycling, Inc.*, 318 Ill. App. 3d 1028, 1033 (2001). "A trial court loses jurisdiction over a matter when (1) 30 days have passed following the entry of a final and appealable order concerning that matter and (2) during that time, neither party has taken any legally proper action to extend the 30-day period. [Citation.]" *Leavell v. Department of Natural Resources*, 397 Ill. App. 3d 937, 950 (2010); see also *Won*, 2013 IL App (1st) 122523, ¶ 20 ("the trial court loses jurisdiction after 30 days from the time the final judgment is entered when either (1) a posttrial motion directed against the judgment is not filed, (2) 30 days pass from

the time the trial court disposes of a timely filed posttrial motion, or (3) a notice of appeal is timely filed. [Citation.]").

¶ 24    The record in this case is clear that the trial court no longer had jurisdiction over the matter when it entered the May 13, 2019, order. As of that date, more than 30 days had elapsed since the April 5, 2019, final order, and plaintiff had not filed a timely motion to reconsider that dismissal order.[4] As of May 13, 2019, the trial court no longer had jurisdiction to reconsider the April 5, 2019, dismissal order. See *Wilk v. Wilmorite, Inc*., 349 Ill. App. 3d 880, 883 (2004) ("Under section 2-1203 of the Code, a posttrial motion must be filed within 30 days of a final judgment. [Citation.] Otherwise, the trial court will lose jurisdiction to modify or vacate the final order that it entered after a lapse of 30 days. [Citation.]"). As a result, even if the May 13, 2019, order was directed at the April 5 order, it was void. See *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 531 (2001) (recognizing that "[i]f jurisdiction is lacking, any subsequent judgment of the court is rendered void."). In turn, we lack jurisdiction to review the May 13, 2009, order, as "an appellate court has no authority to address the substantive merits of a judgment entered by a trial court without jurisdiction." *People v. Bailey*, 2014 IL 115459, ¶ 28; see also *Manning v. City of Chicago*, 407 Ill. App. 3d 849, 852 (2011) ("[O]nce the trial court loses jurisdiction, any subsequent orders entered, including a notice of appeal which would vest jurisdiction with our [appellate] court, are not viable. [Citations.]").

¶ 25    In sum, we have no jurisdiction to review either of the trial court orders cited in the notice of appeal, because: (1) defendant failed to file a timely notice of appeal from the April 5, 2019,

---

[4] Tellingly, the May 13, 2019, order does not reference any pending motion, but reflects that the case merely came before the court on that date "for administrative status."

dismissal order; and (2) the trial court had lost jurisdiction of in this case by the time it entered the May 13, 2019, order. Accordingly, we must dismiss the appeal.

¶ 26    Appeal dismissed.