2021 IL App (1st) 210036-U

SECOND DIVISION
December 14, 2021

No. 1-21-0036

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| GLORIA DAUGHERTY, | ) | Appeal from the Circuit Court of |
| | ) | Cook County. |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | No. 98 D 55445 |
| | ) | |
| JUAN QUINONES, | ) | |
| | ) | Honorable Abbey Fishman Romanek, |
| Respondent-Appellee. | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

ORDER

¶ 1    *Held*: We affirm the trial court's order striking petitioner's motion to reconsider.

¶ 2    Petitioner Gloria Daugherty appeals from an order striking her motion to reconsider. However, on appeal, she only argues the issue of whether her motion to reconsider should have been granted on the merits. Petitioner fails to explain or demonstrate that the trial court erred in any way when it entered the order striking her motion. As petitioner fails to demonstrate any right to relief on appeal, we affirm.

¶ 3                                    BACKGROUND

¶ 4      In 1996, petitioner and respondent had a brief relationship that resulted in the birth of a

child. A case was filed in 1998 and respondent was declared to be the father. In January 2001,

the circuit court entered an order of temporary parental support that was made permanent the

following month. Respondent was ordered to pay $50.00 per week in child support. Aside from a

few motions filed by the parties, the case was relatively quiet until 2011.

¶ 5      In January 2011, both parties filed motions relating to the child support obligation.

Respondent became unemployed and began receiving disability, and he asked the court to reduce

his obligation. Meanwhile, petitioner demonstrated to the court that the child support payments

were in arrears. The circuit court ordered respondent to pay the arrearage, and the court

prospectively reduced the child support obligation to $100.00 a month.

¶ 6      In 2013, petitioner discovered that respondent was involved in a separate child support

action in Cook County (*Grzesiuk v. Quinones*, 03 D 80013 (Cook County, IL)). In that case,

respondent was ordered to pay $1,150 per month for the two children concerned, which led

petitioner to believe that respondent had misrepresented his income in this case. Petitioner sought

a modification of the child support order, and she also sought a judgment of $119,020.29 as the

amount which she claims respondent underpaid in this case through fraud by underreporting his

income. In September 2014, the trial court modified the child support obligation, raising it to

$294.00 a month. The court explained that the claim for fraud was not properly presented, but

that the proper avenue for such a claim might be in a petition for a relief from judgment under

section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2020)).

¶ 7      More than a year later, in December 2015, petitioner filed a petition for relief from

judgment under section 2-1401. The trial court denied petitioner's petition to vacate brought

under section 2-1401. In the same order, the trial court explained that respondent's child support obligation terminated in August 2015 due to the child graduating from high school. The trial court ordered respondent to pay $499.75 to fulfill his final child support obligation and the trial court took the matter off its call.

¶ 8      Petitioner filed a motion to reconsider the part of the trial court's order denying her petition for relief from judgment. Respondent was not present in court for the proceedings related to petitioner's motion to reconsider. Respondent maintains that he was not served with the motion to reconsider and did not know about the proceedings. The trial court granted the motion to reconsider, indicating that it would consider whether respondent misrepresented his income and whether he should be liable in fraud and made to pay a judgment for the years of alleged underpayment. Multiple court appearances ensued with respondent not present. The trial court, however, found that petitioner was making appropriate attempts at service. Following a hearing at which respondent was not present in court, the trial court found that respondent's income was $4,107.14 per month and it ordered respondent to pay child support in an increased amount retroactive to April 2005. The proceedings concerning the motion to reconsider and its related matters spanned from February 2016 to November 2018.

¶ 9      In February 2019, respondent alleges that he learned about a child support lien on his workers' compensation claim. He claims it was at that time that he discovered the $131,277.13 child support judgment against him and all of the underlying proceedings. Respondent filed a petition for relief from judgment under section 2-1401. Ultimately, the trial court vacated the orders finding that respondent owed a retroactive child support obligation and instead found that respondent had satisfied his child support obligation in full.

¶ 10　Petitioner filed a motion to reconsider the trial court's order in which the court vacated its ruling that respondent owed retroactive child support and made a finding that the child support obligation was satisfied. Petitioner argued that the court did not have all the records and information necessary to make a ruling on respondent's request to vacate the judgment. Petitioner further argued that respondent did not meet his burden for the relief sought and that respondent could not raise a new legal or factual theory in his motion to vacate. The trial court ordered petitioner's motion to reconsider stricken with prejudice. The trial court continued the case to a future date to deal with another matter. Petitioner did not move to vacate or otherwise challenge the striking of her motion. Within 30 days of the trial court striking her motion, petitioner filed this appeal.

¶ 11　　　　　　　　　　　　　　　　ANALYSIS

¶ 12　The relief petitioner requests from this court on appeal is that we "reverse the denial of her motion to reconsider" and "reverse the order granting respondent's motion to reconsider (capitalization omitted)." Petitioner's appeal is based on the wrong premise—the trial court here did not *deny* her motion to reconsider, it entered an order striking the motion without considering the merits. Petitioner never sought to have the order striking her motion vacated or overturned in the trial court. She instead filed this appeal. On appeal, petitioner reargues the merits of her motion to reconsider, arguing that she was entitled to the relief set forth in her motion for the reasons set forth in her motion. However, she does not argue that the trial court erred in any way when it entered the order *striking* her motion.

¶ 13　As set forth in petitioner's notice of appeal, she is appealing the order entered December 15, 2020. In that order, the trial court stated that petitioner's motion to reconsider "is stricken with prejudice." Petitioner's appeal proceeds in a manner as if the trial court considered the

merits of her motion and denied the relief sought. But that is not what occurred. Instead, petitioner's motion was stricken and not considered. Petitioner does not present on appeal the only issue that would be appropriate for us to address: Did the trial court commit reversible error when it entered an order striking the motion.

¶ 14    Petitioner does not raise any challenge whatsoever to the issue of whether striking the motion was proper as a procedural matter. Petitioner does not interpose any argument that the trial court abused its discretion or otherwise erred by striking the motion, nor does she argue that the motion should have been considered on the merits but was not. The trial court has the authority to strike a pleading or a motion under various circumstances. See *e.g.*, *Mitchell v. Norman James Construction Co.*, 291 Ill. App. 3d 927, 937 (1997); *Belluomini v. Lancome*, 207 Ill. App. 3d 583, 585 (1990). We will not disturb a trial court's order striking a motion unless the trial court abused its discretion. *Lundahl v. Hopper*, 2015 IL App (1st) 132477, ¶¶ 24-25.

¶ 15    While we have jurisdiction to entertain the appeal because the motion was stricken with prejudice (*Belluomini*, 207 Ill. App. 3d at 586), it does not change the fact that the subject and scope of petitioner's appeal is improper. The order striking petitioner's motion was not an adjudication on the merits of the motion to reconsider. An appeal must address the propriety of what the trial court actually did in the case, and it is incumbent on the appellant to show that the trial court erred in disposing of her claims. Regardless of the merits, if there was no error in striking the motion, then there is no relief to be had on appeal. A demonstration that the trial court erred in striking the motion is a prerequisite to the relief petitioner requests.

¶ 16    The trial court's order striking petitioner's motion to reconsider does not contain an express reason to explain why the court struck the motion and the record does not contain a report of proceedings. Respondent, however, presents us with various grounds on which the trial

court would have been justified in striking the motion. Respondent claims that the reason for the trial court's action was because petitioner failed to comply with procedural rules such as failing to properly notice and present her motion. Respondent further claims that the trial court struck petitioner's motion because of her failure to comply with the court's orders and the court rules and because the motion was brought for delay or an improper purpose. While we do not know from the record the ultimate reason that the trial court struck the motion, the burden is on petitioner to present sufficient argument and a sufficient record to support her claims and to affirmatively demonstrate that the trial court committed a reversible error. See *Salazar v. Wiley Sanders Trucking Co.*, 216 Ill. App. 3d 863, 868 (1991) ("An appellant has the duty to present a complete record on appeal, and in the absence of an adequate record, it will be presumed that the trial court's judgment conforms to the law and has a sufficient factual basis."). In this case, petitioner was required to show that the trial court committed reversible error when it struck her motion with prejudice. Petitioner has not shown that the trial court committed any reversible error when it entered the order striking her motion to reconsider.

¶ 17                                    CONCLUSION

¶ 18    Accordingly, we affirm.

¶ 19    Affirmed.